THE CITY OF MARSHALLTOWN v. FORNEY ET AL.

1. **Practice upon Procedendo**: EQUITY CAUSE: DISMISSAL FOR WANT OF EQUITY WITHOUT PREJUDICE TO ACTION AT LAW. Where there was a decree for plaintiff in the circuit court, but it was reversed in this court on the ground that there were no equities in the case, but that plaintiff's remedy, if any it had, was at law, it was error for the circuit court, on *procedendo*, to enter a decree dismissing the bill *without prejudice to plaintiff's remedy at law*, thus anticipating and adjudicating a plea of prior adjudication which might be made if plaintiff should bring an action at law.

*Appeal from Tama Circuit Court.*

FRIDAY, OCTOBER 24.

THIS action in equity was brought to obtain an injunction to prevent the defendants from occupying certain premises, to-wit, an alley, for the vacation of which certain proceedings by ordinance had been had by the city council of the plaintiff city, and over which alley the defendants had built an opera house.    The action was also brought to set aside the ordinance, and for a decree that the defendants remove the obstruction from the alley and pay damages.    The trial resulted in a decree for the plaintiff, and the defendants appealed to this court, and the decree was reversed.    See 61 Iowa, 578.    A *procedendo* issued, and, the case coming on for disposition in the court below, a decree was entered in these words:    "The court finds that there are no equities in this cause; that plaintiff's remedy, being at law, if any, under the alleged facts and evidence, is not considered, the same being prohibited under section 6, article 5, of the constitution.    It is, therefore, ordered adjudged and decreed by the court, that the plaintiff's bill be, and the same is hereby, dismissed without prejudice to the plaintiff's remedy at law, at plaintiff's costs."    To this decree both plaintiff and defendants excepted.    Afterwards the defendants moved to modify and correct the decree by striking out the words "without prejudice to the plaintiff's rem-

edy at law." The court overruled the motion, and the defendants excepted, and now appeal.

*Caswell & Meeker*, for appellants.

*H. E. J. Boardman* and *J. L. Carney*, for appellee.

ADAMS, J.—When this case was before us on the former appeal, it was held that, whatever rights the plaintiff had, they were not such as could be enforced in an action in equity. The plaintiff claimed that the defendants had forfeited their right to occupy the alley with their opera house, by reason of the breach of the condition upon which the ordinance vacating the alley was passed, which condition this court held to be a condition subsequent. MR. JUSTICE DAY, in delivering the opinion of the court, said: "The condition is a condition subsequent, which, if not performed, operates to defeat vested rights. Now, it is to be observed that in this case equity rights are involved. It is a universal rule in equity never to enforce a penalty or a forfeiture.     *     *     *     *     *     *     Whether the plaintiff might maintain ejectment, or an action at law for damages, is a question which the record does not present. We are clearly of the opinion that the plaintiff cannot, in an action in equity, have the defendant's building destroyed as a nuisance."

When, upon the *procedendo*, the case came up in the court below for disposition, the court dismissed the plaintiff's petition upon the precise ground upon which this court held that the action could not be maintained, to-wit, that the plaintiff's rights, if it had any, were not of an equitable character, and were not to be enforced in an equitable action. We think that the court should have been content with letting the final entry simply show such ground. Perhaps this was all that was intended. But the court seems to have gone further. In holding that the dismissal should be "without prejudice to the plaintiff's remedy at law," the court, it appears to us, virtually held that the adjudication in this action should not be a bar to an action at law as a prior adjudication. Now,

the defendants contend that it is such bar. Their theory is, as we understand, that the plaintiff, having brought an action for the enforcement of certain rights, and having failed, though merely on the ground of having adopted a wrong remedy, cannot be allowed to proceed again to enforce the same rights by a different action.

In our opinion, the question as to what effect upon a subsequent action the dismissal of this action, upon the ground simply that it is not the right kind of an action, should have, is not to be determined in this action. The question of prior adjudication can be determined only upon a plea of prior adjudication. Such question at present has no existence, except by anticipation. It will be time enough to determine it when it arises. Courts, to be sure, sometimes, in disposing of an action, allow the final entry to show that the disposition is made without prejudice to a future action. This may be proper where the scope of the ruling would otherwise be uncertain. But such is not this case. The ground of the dismissal is distinctly set out. Whatever rights the plaintiff ought to have after such a dismissal, it will have without the words complained of in the final entry. If the defendants' theory is correct in respect to the effect which such a dismissal ought to have, they have a right to complain, because it would be claimed by the plaintiff, upon a subsequent action, and not without reason, if these words are allowed to stand, that the question of prior adjudication, if a plea of that kind should be made, had already been settled.

In holding that the words complained of ought to be stricken out, we do not wish to be understood as intimating that we think that a plea of prior adjudication could be maintained. We merely hold that we could not approve the entry as it stands, without seeming to hold that the plea of prior adjudication could not be maintained; and we do not think that question can properly be passed upon in this case. The motion to strike out the words in question, we think, should have been sustained. REVERSED.