PAIGE v. LINDSEY ET AL.

1. **Mortgage:** PRIOR INCUMBRANCE: INDEX: NOTICE. P. conveyed the property in question to L., but at the same time L. entered into a written agreement that the contract and conveyance might be rescinded at P.'s election on certain conditions, and this agreement was recorded, and was indexed with the name of L. as grantor, and that of P. as grantee. *Held* that one who afterwards accepted a mortgage from L. on the property was charged with constructive notice of P.'s rights under the agreement.

2. ———: ———: DISCREPANCY OF DATES: NOTICE. In such case, although the agreement referred to a deed dated January 5th, and it appeared that the deed was in fact drawn on that day, but, on account of the absence of the grantor's wife, it was not actually executed until the 15th, and it was dated as of the latter date, and was the only deed by which L. acquired title, *held* that the agreement and deed were so apparently connected as to charge L.'s mortgagee with notice of the fact that L.'s title was qualified by the agreement.

3. **Tender:** OF INTEREST IN LANDS WITHOUT TITLE: HOW MADE. Where it was necessary for plaintiff, in a suit in equity, to tender back to

defendant an interest in a timber claim, the title to which was yet in the United States, a formal tender of a deed therefor was not necessary, but a writing in these words: "I hereby tender back to you all the interest which I have received from you in said timber claim," was sufficient, especially where no objection was made to the manner of the tender.

4. **Equity**: JURISDICTION: RESCISSION OF LAND TRADE: CONDITION SUB-SEQUENT. Equity has jurisdiction to determine and enforce the rights of the parties to a trade of lands, where the trade is rescinded by one of the parties, according to an agreement which was a part of the contract, for a cause existing at the time the trade was made. Such a case does not present a claim of forfeiture for breach of a condition subsequent, for which the only remedy is by an action at law. *Marshalltown v. Forney*, 64 Iowa, 664, distinguished.

5. **Mortgage**: TITLE SET ASIDE ON PAYMENT TO MORTGAGOR: PAYMENT SUBJECTED TO MORTGAGE. Where the mortgagor's title was canceled at the suit of his grantor, upon condition that the grantor pay him a certain sum of money, and the mortgagee was also before the court defending his mortgage, *held* that the mortgage should have been held good for the amount of such payment, and that the court should have directed the money to be paid to the mortgagee.

*Appeal from Tama District Court.*

WEDNESDAY, OCTOBER 20.

ACTION in equity to cancel a deed and quiet title to a certain town lot in Toledo, Iowa, and to cancel a mortgage upon the same. There was a decree for the plaintiff in respect to the title and mortgage, but against him for the payment of certain money. The defendant G. L. Bailey, administrator, appeals.

*Stivers & Louthan*, for appellant.

*Struble & Kinne* and *J. A. Merritt*, for appellee.

ADAMS, CH. J.—In January, 1883, the plaintiff was the owner of the lot in question, and conveyed the same by deed to the defendant Lindsey. The latter borrowed $500 of the defendant Bailey's intestate, and executed a mortgage upon the lot to secure the

1. MORTGAGE: prior incumbrance: index: notice.

same. The money was used in part in paying off a prior incumbrance for which the plaintiff was liable, and which Lindsey was to pay off as a part of the purchase money to be paid by him, and a part of the money borrowed was used in making improvements upon the lot. A part of the consideration given by Lindsey for the lot was the transfer, or supposed transfer, of a timber claim to eighty acres of land in Minnesota. The plaintiff, however, had not seen the land, and he took the precaution to exact from Lindsey a written statement as to the improvements upon it, and an agreement in connection therewith to the effect that, if any of the statements were untrue, the trade might be rescinded, and the deed to the Toledo lot be declared null and void. The instrument embracing the statements and agreements was recorded, and appeared of record at the time of the execution of the mortgage by Lindsey to the defendant Bailey's intestate.

The statements in regard to the improvements upon the Minnesota land proved to be untrue, and the plaintiff, in writing, offered to relinquish his claim to the land to Lindsey, and to pay for the improvements which have been made upon the Toledo lot, and demanded cancellation of the trade. While the abstract does not show very explicitly what the decree was, it appears clearly enough that the court canceled the deed made by plaintiff to Lindsey, and the mortgage made by Lindsey to Bailey's intestate. We understand, also, that the court allowed Lindsey for the improvements made by him, and for the payment of the prior mortgage upon the property, and charged him with rents, and found a balance in his favor of $152, and rendered a decree for that amount, and gave him a lien upon the property as security therefor.

The decree canceling the mortgage executed to Bailey's intestate was based upon the theory that the mortgagee had constructive notice of the agreement affecting the validity of Lindsey's deed, and by reason of which agreement it was declared void. Bailey insists that the court erred in holding

that the record imparted such notice to his intestate. His
position is that the instrument was not so indexed that the
record could be deemed to impart constructive notice. The
fact appears to be that the name of Lindsey was indexed
simply as grantor, and the name of plaintiff simply as
grantee. But, in our opinion, this was sufficient. It was
not an agreement on the part of the plaintiff, but only on the
part of Lindsey, and was designed to create and reserve to
the plaintiff a contingent interest in the Toledo property,
whereby Lindsey's title became qualified. It was, we think,
necessary only that the name of the party should appear as
grantor whose agreement created the qualification.

Another position taken by the defendant Bailey is that the
agreement in question refers to a deed executed January 5,
2. ——: ——: 1883; and he claims that the fact is that another
discrepancy
of dates: deed was executed by the plaintiff, January 15;
notice. 1883, and that the intestate had a right to
assume that the latter deed was not affected by the agree-
ment. The fact appears to be that the plaintiff's deed to
Lindsey was drawn January 5th, but, on account of the
absence of his wife, it was not fully executed until January
15th, and was dated as of that day, and that deed constitutes
the only deed under which Lindsey acquired title. The agree-
ment is dated January 5th, and refers to a sale and convey-
ance made as of that date. There is therefore a discrepancy
in dates. But, as there appears to be but one deed from
plaintiff to Lindsey, we think that the agreement and deed
appeared to be connected, and that the defendant Bailey's
intestate, as mortgagee, could not properly be heard to say
that he did not have notice of the agreement as affecting that
deed.

It is said, however, that the petition is insufficient, in that
it did not aver a sufficient tender of the title of the timber
3. TENDER: claim. There does not appear to have been a
of interest in
lands without formal tender of a deed of the timber claim, nor
title: how
made. do we think it was necessary. No title to the

land covered by the timber claim had ever passed from the United States. The plaintiff's tender was made in writing, and was in these words: "I hereby tender back to you all the interest which I have received from you in said timber claim." A copy of this writing is set out as an exhibit to the petition, and an averment is made in the petition that the plaintiff "offered and tendered to said defendant all the interest plaintiff had received from him." This, we think, was sufficient, and especially as Lindsey did not object to the tender, but unqualifiedly refused to acceded to the plaintiff's demands for a rescission.

Finally, it is contended that the plaintiff's claim is virtually a claim of forfeiture for breach of condition subsequent; and that, being such, his remedy is at law, and not in equity, under the rule announced in *Marshalltown v. Forney*, 64 Iowa, 664. In our opinion, however, this is not the case of a claim of forfeiture for breach of a condition subsequent. It is the claim of a right of a rescission under an agreement, for a cause existing at the time the trade was made. We think that a court of equity had jurisdiction.

*4. EQUITY: jurisdiction: rescission of land trade: condition subsequent.*

The court rendered a decree against the plaintiff for $152, and gave Lindsey a lien upon the land for that amount. This allowance was for the discharge of a prior mortgage, and for improvements. The money borrowed from Bailey's intestate was used by Lindsey in the very transaction by reason of which he has been decreed the $152, and given a lien therefor. We are not able to see why the lien of the mortgage executed to the intestate should not be respected to the extent of the lien given Lindsey, the mortgagor. We think that the $152 should be paid to Bailey, and the mortgage be held good for that amount.

*5. MORTGAGE: title set aside on payment to mortgagor: payment subjected to mortgage.*

The plaintiff complains that the court rendered a decree against him for too large an amount; but we are not prepared to say that the evidence set out so shows.

We think that the decree should be modified in Bailey's favor, as above pointed out.

MODIFIED AND AFFIRMED.