## LEWIS v. BARMBY.

1. USURY: MORTGAGE. The forfeiture of ten per cent upon a usurious contract is not a lien upon premises mortgaged to secure the debt tainted with usury. A judgment for such forfeiture is a lien only from its rendition.

*Appeal from Scott District Court.*

FRIDAY, OCTOBER 17.

THIS was a proceeding to foreclose a mortgage. The defendants plead usury, and, upon a hearing, the court rendered a decree of foreclosure against defendants for the sum originally borrowed, and ordered a sale of the mortgaged premises, to satisfy the judgment in favor of plaintiff. The court found the contract to be usurious and rendered judgment in favor of the State of Iowa for the use of the school fund, for the ten per cent forfeited, under the statute. The state, by its attorney, moved the court to declare the judgment in its favor a lien upon the real estate mortgaged, paramount, or at least equal in effect, to the lien of the plaintiff's judgment, and prior to the lien of

junior incumbrancers. This the court refused to do, and it is from this order the state appeals.

*Davidson & True* and *C. C. Nourse*, Attorney-General, for the state.

*J. N. Rogers* for the appellee.

BALDWIN, C. J.— The counsel for Lindley, a junior incumbrancer of the mortgaged premises, and a party defendant in the foreclosure proceeding, filed an answer in this court, under the provisions of § 3522 of the Revision, denying the right of the state to prosecute this appeal, and asking that the judgment of the court below be sustained, and the appeal dismissed.

There are several questions of a preliminary character raised by the counsel for appellee, which perhaps, would have determined the cause in favor of the ruling of the court below. But, as the main question involved, is of great practical importance, and one upon which the rulings of the district court are not uniform, we propose to consider but this one point, as the others become unimportant, from the ruling we make in the cause.

The question to be determined is, whether the state, under the law in relation to usury, is in anywise entitled to the benefit of the mortgage security.

The provision of the statute is that the usury, when made to appear in a suit on the contract, shall work a forfeiture of ten per cent per annum upon the amount of such contract to the school fund of the county, &c., and the plaintiff shall have judgment for the principal sum, without either interest or costs. The court, in which such suit is prosecuted, shall render judgment for the amount of interest forfeited as aforesaid, against the defendant, in favor of the state, &c. This is the only provision of the statute that authorizes the rendition of a judgment in favor of the

Lewis v. Barmby.

state, on a contract to which it is not a party. The authority of the court, and the proceedings in such cases, partakes somewhat of the character of a criminal proceeding. A law regulating the interest on money is violated; for such violation a penalty is attached, and the degree of the punishment depends upon the extent of the violation. The lender forfeits ten per cent per annum upon the amount loaned, or rather he receives nothing for the use of his money whereas if he had not violated the law, he could have recovered ten per cent, if such rate had been agreed upon. The borrower is not altogether the innocent party. The law designates the amount of money he has to pay for his participation in the usurious contract. Both the lender and borrower are, to a certain extent, *particeps criminis*. The law, however, restores to the lender the money he loaned, but nothing more, and for this purpose he is entitled to the benefits of his mortgage security, and a judgment and lien for this amount. To impair this security, in the least, by giving to the state a prior lien for the penalty, imposes a greater punishment than seems to us to be contemplated by the statute. If it had been the design of the legislature to give priority to such judgments, it would have been so expressed. Every fine imposed, or penalty inflicted upon a person for a violation of law, should receive its sanction from some express, instead of an implied, provision of the law. There is no express provision giving to the state the benefit of the mortgage lien. The language is, that the court shall render judgment for the amount of the forfeiture. There is no contract creating such a lien. Parties have the right to contract for the payment of usurious interest, and if the same is paid without calling upon the courts for the enforcement of the contract, no penalty attaches. It is only when the parties come into court, and ask for its protection, that the right of the state to the penalty, is brought into existence. The lender and

borrower can contract for such interest, pay and receive the same as often as they may wish, and, without suit, there is no penalty affixed. The state cannot sue for this penalty, or bring a criminal proceeding for the violation of its usury laws, nor can it obtain a judgment for such penalty, except in an action brought by other parties. Every right, then, that accrues to the state, is such as is given by the statute. It cannot claim this lien by virtue of the contract of the parties, because no lien was created or intended to be created by them.

We are unable to see how the court can exercise any greater power than is conferred by the statute. The law authorizes the rendition of a judgment for the penalty against the borrower, but this judgment does not create a lien, only from the date of its rendition.

The law expressly gives to the mortgagee a lien from the date of the mortgage, and when judgment is obtained upon the debt secured, the lien relates back to the date of the mortgage. The judgment in favor of the state is an incident to the plea of usury and the state must take the judgment for the penalty, with the lien it creates, from the date of its rendition.

Affirmed.