Easley v. Brand.

---

## EASLEY v. BRAND *et al.*

1. **Usury:** DUPLICATE PAYMENT. In the trial of an action on a promissory note, it was made to appear that the transaction was usurious, that the defendant had already paid the principal and about twenty per cent interest thereon, and that the note in suit was for additional usurious interest: *Held*, that the court erred in rendering judgment against the defendant for interest on the sum loaned, at the rate of ten per cent per annum, in favor of the school fund. WRIGHT, Ch. J., *dissenting*.

*Appeal from Polk District Court.*

THURSDAY, DECEMBER 22.

THE case discovers the following facts: On the 2d day of June, 1856, the defendant, Brand, borrowed of plaintiff $400, at the rate of thirty-six per cent interest per annum; that at different times up to the 15th of December, 1858, the defendant paid on said loan the sum of $17.54, being the principal and nearly twenty per cent of the interest; that on the 22d day of August, 1862, the following note was given for the balance due on said contract, calculating interest at thirty-six per cent per annum.

Easley v. Brand.

"$200.                                    *August* 22d, 1862.

"January first, after date, I promise to pay to the order of Byron Rice, two hundred dollars, for value received, negotiable and payable without defalcation or discount, with interest from date at the rate of ten per cent per annum.

(Signed)                    "C. W. BRAND.
                            "EDWIN HALL, as surety."

Indorsed to plaintiff without recourse, &c. The present suit is founded upon this note. The defense pleaded is, that the consideration of the same is illegal and void, being wholly usurious; and at the hearing the court so held, rendering a judgment against the plaintiff for costs, and against the defendant, Brand, for the sum of $102.40 in favor of the school fund, to draw ten per cent interest. To this judgment the plaintiff submits; the defendant moves for a new trial, upon the ground that the court erred in rendering any judgment whatever against him in favor of the school fund, under the circumstances disclosed on the trial. Being overruled, the same question is presented for our re-examination.

*Williamson & St. John* for the appellant.

*Finch, Clark & Rice* for the appellee.

*C. C. Nourse*, Attorney-General, for the State.

LOWE, J. — The note sued is a renewal for a balance due on a former note, conceded to be largely usurious, and 1. USURY: ordinarily, under such circumstances, a judgment *duplicate payment.* against the borrower of ten per cent per annum would be rendered in favor of the school fund. But in this case it is shown that the defendant has not only paid the principal debt to the lender, but nearly twenty per cent interest thereon besides. The balance which the plaintiff seeks to obtain on said claim is all usury, and being illegal and void on that account, is not the subject of a legal recovery.

And whilst the court below so held as it respects the plaintiff in this case, it nevertheless rendered a judgment against the defendant in favor of the school fund for $102\frac{40}{100}$, being ten per cent upon the principal debt. Whether such a judgment in the state of case suggested is agreeably to the policy and intent of the usury law, admits of too much doubt, in the opinion of a majority of this court, to be upheld. This particular question has not before been presented and adjudicated by this court, nor do the provisions of the statute regulating the matter of usury and usurious contracts meet the question. We are to determine the rule of practice, therefore, in such cases, that will accord best with the spirit and objects of the statute. Doubtless it was primarily the intention of the statute to shield the debtor from the oppressive exactions of the usurer, by limiting the maximum of interest which he should pay to ten per cent, and that, not to the usurer, but to the State for the use of the school fund. This object, if the above judgment is sustained, will be defeated. Instead of protecting the debtor from the cupidity of the lender, the State unites with the latter in victimizing him, as is very well illustrated in this case. The defendant, after paying the plaintiff the principal debt and twenty per cent interest thereon, finds himself unable to pay the residue of the usurious interest. Being sued, he pleads usury. The court, although it cannot visit the forfeiture contemplated by the statute against the usurer, the more guilty party of the two, for the reason that he has already received double the maximum of interest allowed by law, yet it makes the debtor, in addition to this, pay a bonus of ten per cent interest to the school fund for his violation of the usury law. We are unwilling to believe that the law-making power of the State intended that the usury law should be so construed as that the usurer should escape its forfeitures, and suffer comparatively little or no loss or inconvenience

from the enforcement of its provisions, whilst the unfortunate debtor should be made to feel its animadversions with three-fold power.  In this connection, it must not be forgotten that the State, representing the school fund, possesses no absolute or vested right to a forfeiture of ten per cent upon all usurious contracts.  There are any number of such contracts entered into and paid in the country, which cannot be reached by any process known to the law and made available to the school fund.  This right, therefore, is a qualified or incidental one, accruing only to the school fund, when an unpaid usurious contract is brought before the courts of the country for adjudication, and the usury thereof is in a legitimate way brought to the knowledge of the court.  But when suit is brought upon such contract, and it turns out that before the commencement of the suit the principal and ten or more per cent interest has been paid by the debtor, then, as the plaintiff cannot recover anything (as all above that sum is illegal and void), so we suppose no recovery can or ought to be had against the debtor in favor of the school fund, for the reason that all above the ten per cent already paid would itself be usury, the very evil against which the law intended to guard.  Suppose, for further illustration, that the debtor had stipulated to pay twelve per cent interest for the use of money for a given period.  If he should pay the amount, with the accruing interest, out of doors without suit, the school fund could not complain.  If he should pay the principal and ten per cent, leaving the two per cent usury unpaid, and is sued for that, should the school fund complain, that it did not get its ten per cent penalty from the debtor?  Certainly not; it is in no worse condition than if the whole debt had been paid without suit.  All that can be said in such a case is, that it so happened that the debtor, before suit, paid the ten per cent that would otherwise have been forfeited by the

usurer, and paid by the debtor to said fund. In other words, the debtor is only to pay what the usurer forfeits. If, from what has previously transpired, he cannot be made to forfeit the ten per cent, and thereby incur the penalty which the law designed to impose upon him, it would be unjust, not to say against the intent of the statute, to exact an additional ten per cent from the debtor, and allow the more guilty party to escape the forfeiture which the law imposes. A majority of the court, therefore, cannot consent to adopt a construction of the statute, which will allow the State or school fund to turn usurer, and do the very mischief which the law meant to prohibit, and the judgment will be

Reversed.

WRIGHT, Ch. J., *dissenting.* — For reasons more fully stated in *French & Davies* v. *Rowe & Hyde*, 15 Iowa, 563, I feel constrained to dissent from the foregoing opinion. I take the law as it is written. Appellants may seem to suffer unjustly from the law as thus written, but the remedy is not with the courts but the legislature. It certainly does appear, or is "ascertained" in this case, that "a rate of interest has been contracted for, greater than is authorized by the law." And this is "ascertained," "in a suit brought" on such contract. If so, the law is that this "*shall* work a forfeiture of ten per cent per annum to the school fund of the county." And the court is required to, or, "*shall render judgment* for the amount of interest forfeiture *against the defendant* * * * whether the suit is contested or not;" (Rev., § 1791). · That defendant has paid plaintiff all and more than *he* was entitled to, cannot excuse him, "in a suit brought on the contract," from responding to the school fund. He takes these consequences when he enters into the contract and makes his payments. Payment to the usurer of more than he has a right to demand, is no answer

to the demand of the school fund, and cannot render less imperative the duty of the court to render judgment in favor of the State for the use of the fund. If defendant is sued, and the usury is "ascertained," that is, if it appears that it was "contracted for," the demand of the statute is clear and emphatic. It is no answer to say that the theory of the law is, that the borrower shall only be required to pay ten per cent interest, and that if he has paid this to the lender, he ought not to be compelled to pay it again to the State. It is possible that he *ought not to*, but the law is that he *shall*. He pays it to the usurer at his own risk. The parties cannot, when the matter is legitimately brought to the attention of the court, when, in a proper case, it is "ascertained" that such illegal interest has been "contracted for," compromise the rights of the school fund. *Burrows & Prettyman* v. *Cook & Sargent*, 17 Iowa, 436. The defendant or borrower is not regarded as entirely blameless. The law is peculiar. Its commands are plain. I know of no semi-equitable rule which authorizes me to so parcel out its penalties, as to take from a defendant a burden which these cannot impose.

I think the judgment should be affirmed.