## McIntosh v. Likens.

1. Usury: RIGHT OF STATE AGAINST SURETY: STATUTE CONSTRUED. The State, for the use of the school fund, is, in an action by the payee of a usurious note against the maker and his surety, entitled, under section 1791 of the Revision, to a judgment for the amount of interest forfeited, against the surety as well as against the principal.

McIntosh v. Likens.

2. —— RIGHTS OF SURETY IN SUCH CASE. It seems that if a surety in such case were compelled to pay the amount thus forfeited to the State for the use of the school fund, he might have his action against the principal for reimbursement, or against a co-surety for contribution; and also, that he would be entitled to be subrogated to the rights of the State, with respect to the judgment and any security belonging to it.

*Appeal from Scott District Court.*

THURSDAY, OCTOBER 22.

USURY STATUTE CONSTRUED : STATE ENTITLED TO JUDGMENT AGAINST SURETY. — Action upon a joint promissory note signed by three persons, of whom the appellant is one.

He pleaded usury, payment in part, and tendered judgment for the balance. On the plaintiff's motion, the court below struck out of the appellant's answer the allegation that he was surety. The only question made on this appeal is, whether the State of Iowa, for the use of the school fund, is entitled to a judgment under the statute (Rev. § 1791) against the appellant, who signed the note in suit as surety for Bossler, the principal. The relation of suretyship does not appear on the face of the note.

The District Court was of opinion, that the State, for the use of the school fund, was entitled to judgment against the appellant, though he was surety merely.

*Thompson & Campbell* for the appellant.

I. If judgment cannot be rendered against a surety, in favor of the State, for the benefit of the school fund, in an action upon a contract which is tainted with usury, it is essential that the surety should have the right to aver and prove his relation to the contract.

II. It was not the intention of the law that judgment for the State should be entered against a surety in a usurious contract. Being a penal statute, it cannot be

extended by implication, but must be strictly construed. If at all, the surety must be held, because he is *particeps criminis* in the violation of the law, whereas the contract of surety does not necessarily have knowlege of the usury; on the contrary it must be presumed that he was innocent.

III. If the surety should be charged, the penalty is greater upon him than upon his principal, for the principal loses nothing at all by a judgment in favor of the school fund, because he has been compensated by the use of the money borrowed. The surety does not retain his character of surety, because the judgment is a personal forfeiture for violation of the law. He would, therefore, lose his right of subrogation.

IV. His contract was that the plaintiff should receive what the principal was bound to pay by that contract — his liability cannot be extended, so that when McIntosh has received his principal, the surety's obligation ceases.

V. Any thing which operates as a novation of the contract, discharges the surety. Judgment for the State works a complete novation by operation of law; the debtor is discharged *pro tanto*, from the old debt, and becomes bound to a new creditor (the State).

VI. The surety would lose his right to the securities held by the creditor, which may have been the inducement of the contract; because upon payment of the judgment in favor of the State, the surety could only be subrogated to the right of the State, even if it was not a personal forfeiture; because the State does not get the benefit of the creditor's securities. *Lewis* v. *Barmby*, 14 Iowa, 88. And thus he would forfeit the rights by which he may have been induced to enter into the contract.

Persuaded that this court will not, by a strained construction of the law, record a precedent so full of evil and injustice, we feel confident that the judgment below will be reversed.

*J. C. Bills* for the State.
(No brief found on file.)

DILLON, Ch. J. — The statute regulating the interest on money (Rev. ch. 72, art. 2, p. 316) prohibits the taking

1. Usury: right of State against surety. of a rate of interest greater than ten per cent per annum. It allows this rate to be contracted for in writing. Then follows section 1791, upon which the present question arises.*

This section provides, that if usurious interest has been contracted for, in violation of the statute, "the same shall work a forfeiture of ten per cent per annum, upon the amount of such contract, to the school fund, and the plaintiff shall have judgment for the principal sum, without either interest or costs. The court in which said suit (on the contract) is prosecuted shall render judgment for the amount of interest forfeited as aforesaid against the defendant, in favor of the State of Iowa, for the use of the school fund," etc.

The cardinal idea of this statute, respecting the point under consideration, is, that, although usurious interest

---

* SEC. 1791. If it shall be ascertained in any suit brought on any contract, that a rate of interest has been contracted for greater than has been authorized by this act, either directly or indirectly, in money, property or other valuable thing, the same shall work a forfeiture of ten per cent per annum upon the amount of such contract to the school fund of the county in which the suit is brought, and the plaintiff shall have judgment for the principal sum, without either interest or costs. The court in which such suit is prosecuted shall render judgment for the amount of interest forfeited as aforesaid against the defendant, in favor of the State of Iowa, for the use of the school fund of said county, whether said suit is contested or not. And in all cases where the unlawful interest is not apparent upon the contract or writing, the person contracting to pay the unlawful interest shall be a competent witness to prove that the contract was usurious ; and in no case where unlawful interest is contracted for, shall the plaintiff have judgment for more than the principal sum, whether the unlawful interest be incorporated with the principal or not.

has been contracted for, it is still right that the borrower should pay the statutory rate, but instead of paying it to the usurer, he is liable to pay it to the State for the use of the school fund. The contemplation of the statute is that the borrower shall not go interest free, but shall pay for the use of the money. In reality, it is the creditor who suffers what the statute denominates "a forfeiture of ten per cent per annum upon the amount of such [usurious] contract."

It is not a fixed penalty or fine. It is not a forfeiture for a definite sum, but one running like interest at ten per cent per annum. And the court is directed to "render judgment for the amount of interest forfeited as aforesaid, against the defendant." Under this view the principal is bound for interest at the rate of ten per cent per annum, and the obligation of the surety is coextensive with that of the principal. Whether the above view of the theory of the statute be correct or not, certain it is, that it directs the judgment in favor of the State to be "against the defendant," and if more than one, then against all, who are parties to the usurious contract.

The statute makes no exception of sureties, and the court unite in the opinion, that it is the plainer and safer way to follow the words of the statute, and not to make by construction, exceptions where the law has made none.

If thus to follow and give effect to the words, would lead either to absurd or unjust consequences, neither of which is to be imputed to the legislature unless its language is so plain as not reasonably to be got over, the duty of the court to seek some other meaning would arise.

But there is nothing absurd in holding the surety's liability to fill the same measure as his principal's.

It is argued that it is unjust to hold the surety, because it puts him in a worse plight than the principal, since the

McIntosh v. Likens.

2. —— rights of surety in such case. latter loses nothing, as he has had the use of the money. This, however, is generally the case, — the principal uses the money and not the surety. But it is urged, that it is unjust to render the judgment in favor of the State against the surety, because if he pays it he has no recourse over against the principal, inasmuch as the judgment in favor of the State is a personal forfeiture for a violation of the law.

That it is such a personal forfeiture as here contended for, though finding support in some general observations by way of argument in other cases (See *Lewis* v. *Barmby*, 14 Iowa, 88), is inconsistent with the theory and purpose of the statute as herein before expressed.

In further answer to this suggestion, we remark that we see no reason, if the appellant as surety is compelled to pay a sum to the State for the use of the school fund, why he may not have his action against the principal for reimbursement, or against a co-surety for contribution.

And if the judgment in favor of the State be against principal and surety, and is paid off by the latter, we see no reason why he is not entitled to be subrogated to the rights of the State with respect to that judgment and any security by way of lien on the principal's property which belongs to it. If these consequences follow, as we make no doubt they should, appellant's argument, based upon the hardship of holding the surety, is without foundation.

Without saying more in answer to the acute and forcible argument made at bar by the appellant's counsel, we concur in the opinion, with some hesitation in my own mind, that the judgment of the District Court should be

Affirmed.