ZIMMERMAN v. NATIONAL BANK OF WINTERSET.

1. **Judgment:** REVERSAL OF: RESTITUTION FOR PROPERTY SEIZED UNDER. Where property has been taken and sold under an execution issued upon a judgment which is afterward reversed by the Supreme Court, it is the duty of the party taking such property to make restitution therefor upon reversal of the judgment, and if not done the execution defendant may at once maintain an action, without demand, to recover the damages sustained by reason of such taking.

*Appeal from Madison Circuit Court.*

SATURDAY, APRIL 23.

THE plaintiff filed a petition claiming of the defendant one thousand dollars, and stating as a cause of said claim that in 1878 and 1879 Robert Eyre was in possession of certain real estate and had thereon a large quantity of grain; that defendant by its agents broke and entered upon said premises and destroyed and took therefrom grain and standing corn of the value of one thousand dollars, which was either destroyed or converted to the defendant's own use; that all of Robert Eyre's rights have been transferred to the plaintiff by written assignment. A copy of the assignment is incorporated in the petition and is as follows: "For value received I hereby assign and transfer unto R. H. Zimmerman all my claim for damages against the National Bank of Winterset growing out of the issue and levy of execution against my property in the case of said bank in the Circuit Court of Iowa for Madison County Iowa, on judgment rendered by said court, but since reversed by the Supreme Court of Iowa."

The defendant filed a demurrer to the petition, which was sustained. The plaintiff failing to plead further, judgment was rendered against him for costs. The plaintiff appeals.

*Wainwright & Miller*, for appellant.

*John Leonard*, for appellee.

DAY, J.—The grounds of the demurrer which the court sustained are as follows:

" 2.   The said facts do not entitle the said plaintiff to any relief whatever.

" 3.   That it appears from and by said petition that the acts complained of were done under and by virtue of legal process of the court in which this action is instituted and now pending, to-wit, a writ of execution.   And it does not appear that either the said plaintiff or the said Robert Eyre ever asked or demanded reparation or restitution for the supposed injury done.

1. JUDGMENT: reversal of: restitution for property seized under.

" 4.   When the act of a defendant was lawful and right at the time it was done, circumstances subsequently arising. cannot make it unlawful so as to create a cause of action without demand of restitution or reparation by the party claiming to have been injured by the act."

· Section 3198 of the Code provides: "If by the decision of the Supreme Court the appellant becomes entitled to a restoration of any part of the money or property that was taken from him by means of such judgment or order, either the Supreme Court or the court below may direct execution or writ of restitution to issue for the purpose of restoring to such appellant his property or the value thereof." In *Hanschild v. Stafford*, 27 Iowa, 301, it was held that this section was designed merely to afford a cumulative and summary remedy, and that a party may resort to the ordinary suit for redress.   It is insisted by the appellee that the seizure was under due process of the court and rightful in its inception, and that no subsequent event can render that act wrongful. This may be admitted.   But the moment that the judgment under which the defendant acted was reversed, it became the legal duty of the defendant to restore to the plaintiff all property, or the value thereof, taken under the judgment. The continuing to hold the property after the reversal of the judgment was without legal authority, and wrongful, and rendered the defendant liable to an action.   No demand of

restitution was necessary to determine the lawfulness of the defendant's possession. That was done by the reversal of the judgment under which the defendant seized the property. It is only in cases where a demand is necessary to the creation of the plaintiff's right that it is necessary to allege a demand, as in the case of a bailee, whose right to possession continues until demand, and in like cases. Van Santvoord's Pleadings, vol. 1, page 276. Under the common law form of procedure this action would have been *assumpsit*, upon the implied promise to pay the reasonable value of the property taken, or *case*, for the breach of the legal duty to make restitution. In neither action is proof of demand essential to the right of recovery. Under our system of pleading no allegation need be made which is not required to be proved. The second ground of demurrer is too general and cannot be considered.

REVERSED.