L. J. ORKE, Appellee, v. JAMES McMANUS, Defendant,
    DUBUQUE STAR BREWING COMPANY, Intervener Ap-
    pellant.

Judgments: REVERSAL: RESTITUTION OF PROPERTY. In this action the
    issues were framed by consent so as to make a case between the
    plaintiff and intervener, and the intervener recovered judgment
    which was satisfied on execution against defendant, but on appeal
    the judgment was reversed. *Held,* that the trial court had juris-
    diction to compel restitution by the intervener under the provi-
    sions of Code, section 4145.

Same: RETRIAL: ELECTION OF REMEDIES. Where, as in this case, judg-
    ment for intervener was reversed upon appeal and upon a retrial
    the plaintiff recovered judgment against defendant and the inter-
    vener's petition was dismissed, it is held that this was not such an
    election on the part of plaintiff as to prevent him from compelling
    restitution by the intervener of property taken on execution under
    the erroneous judgment.

Same: RESTITUTION OF PROPERTY: DEFENSES. It is also held that the
    intervener in this case could not, in proceedings to compel restitu-
    tion, interpose the defense that plaintiff's claim was based on an
    illegal consideration; as that was matter defensive to the original
    action and was waived by failure of defendant to plead it.

*Appeal from Winneshiek District Court.*—HON. L. E.
                FELLOWS, Judge.

SATURDAY, DECEMBER 17, 1910.

THIS is an appeal from an order of the trial court
requiring the intervener to make restitution of money col-
lected by execution on a former judgment of the lower
court in its favor. Such collection was made pending an
appeal from such judgment to this court. Such judgment
having been reversed here and the case remanded to the
lower court, further proceedings were had there which re-

sulted in an order against the intervener for restitution, and it appeals from such order.—*Affirmed.*

*E. W. Cutting,* for appellant.

*M. A. Harmon,* for appellee McManus.

*E. R. Acres,* for appellee Orke.

EVANS, J.—This case was before us on a former appeal. *Orke v. McManus,* 142 Iowa, 654. At that time the plaintiff was the appellant and the intervener was the appellee. The issues in the case, as shown in the former appeal, must be briefly stated. The plaintiff sued McManus for the purchase price of certain property. The intervener filed a petition of intervention, setting up its ownership of the property sold to McManus. It ratified the sale to McManus, but asked to recover the purchase price thereof in lieu of the plaintiff. McManus conceded his liability to the plaintiff unless he was liable to the intervener, and asked only that he be protected against double liability. The issues were so framed as to present a controversy between plaintiff and intervener alone. The right of recovery being established in one necessarily negatived the right of the other. The lower court upon that trial found in favor of the intervener, and entered judgment in its favor against McManus for the purchase price, and dismissed the petition of plaintiff. The plaintiff appealed. On that appeal we held that the plaintiff, and not the intervener, was entitled to a recovery, and we reversed and remanded the case accordingly. While the appeal was pending the intervener collected the judgment from McManus by execution. Upon a remand of the case the plaintiff and McManus filed a motion asking for restitution under the pleadings. To these the intervener filed its resistance. In its resistance to the application for restitution one ground

urged by it was that the reversal of the case in the Supreme Court only sent back the case for a new trial, and that the "intervener now has the right to a new trial and determination of the matters herein as against it in this district court; and, until said cause is tried anew in this district court, it cannot be determined or found by the court that the intervener is not entitled to the money which it has received herein."

The case was brought on for retrial on November 24, 1909. Thereupon the intervener's attorney stated in open court "that at this time intervener makes no claim for the rendition of any judgment in its favor for the $416 in question, or any part thereof." Thereupon the petition of intervention was dismissed at intervener's costs, and judgment was entered for the plaintiff against McManus as originally prayed. No order was made at this time on the application for an order of restitution; such application being still pending. On November 29, 1909, the plaintiff filed amended and substituted application for an order of restitution, and on November 30th the intervener filed its resistance thereto. And on December 2, 1909, such application came on for hearing, all parties appearing and introducing testimony. After a hearing all the proceedings from November 29, 1909, to December 2, 1909, inclusive, appear to have been included in one judgment entry and entered upon the record accordingly.

That part of the judgment entry from which intervener has appealed is as follows: "It is adjudged and ordered by the court that the intervener, Dubuque Star Brewing Company, make restitution of the four hundred and sixteen dollars ($416) received from the clerk of this court in this case, May 16, 1907, by paying said four hundred and sixteen dollars ($416) to the clerk of this court to be applied on the judgment in this case in favor of plaintiff, L. J. Orke, and against the defendant herein, James McManus, and unless said four hundred and sixteen dollars

($416) is so paid by Dubuque Star Brewing Company with-in ten days, then, in that event, it is ordered by the court that an execution issue in this case in favor of the plaintiff, L. J. Orke, and against Dubuque Star Brewing Company, intervener, for the recovery of said four hundred and sixteen dollars ($416), with interest thereon from this date at six percent, and for costs, taxed at $74.65 against the property, real and personal, goods and chattels of intervener."

I.   To our mind the case is quite covered by the pro-vision of Code, section 4145: "If, by the decision of the Supreme Court, the appellant becomes entitled to a restoration of any part of the money or property that was taken from him by means of such judgment or order, either the Su-preme Court or the court below may direct execution or writ of restitution to issue for the purpose of restoring to him such property or its value." It is urged, however, that this section operates in favor only of the appellant on the former appeal, and that McManus is not entitled to its benefits. Under the peculiar facts of this case, we do not think this point is available to the intervener. The parties had voluntarily framed their issues so as to protect McManus against double liability. He was ready to pay to whomsoever the court should adjudge, and submitted him-self to judgment accordingly. If he had brought the money into the court, he could doubtless have gone hence. He made no issue with either party. After judgment for the intervener, McManus was in no position to resist an execu-tion, and the money came into the hands of the court in obedience to its orders and its processes. Elementary jus-tice requires that the fund collected under such circum-stances should be deemed a fund in court and the subject of the litigation between plaintiff and intervener. After the reversal of its judgment, the intervener had no right to retain the money. If common honesty were not a suf-ficiently impelling motive to induce its voluntary return

*1. JUDGMENTS: reversal: restitution of property.*

by the intervener, then the court was confronted with a
duty quite independent of any statute. Its personal juris-
diction of the parties was complete. The money having
been paid upon its erroneous order, which was afterwards
regularly set aside, the power to order restitution in such
case is essential to the integrity and dignity of the court
itself.

II.   It is next urged that the proceedings of Novem-
ber 24, 1909, amounted to an election of remedies, and that,
inasmuch as the plaintiff had taken judgment against Mc-

2. SAME:              Manus, it was inconsistent to ask restitution
   retrial:
   election of       from the plaintiff. We see no inconsistency
   remedies.          in the two proceedings.   Plaintiff's judg-
ment was not simply a judgment against McManus. The
same judgment dismissed intervener's petition of inter-
vention.   As we have already indicated, the real parties
litigant were plaintiff and intervener and the real contro-
versy adjudicated was one between them, and not one be-
tween plaintiff and McManus.   Plaintiff's right to the
restitution arose out of the adjudication in his favor in
the main case.   We have quoted above one of the grounds
urged by intervener in resistance to the application for an
order of restitution.   The ground taken there by the inter-
vener was that the court could not pass upon such applica-
tion until after a trial was first had upon the issues made
by the pleadings.   The course of procedure adopted by
the court simply sustained the contention of the intervener
in this respect.

III.   It is also urged by appellant that the plaintiff
is not entitled to restitution because the contract upon which
he sued involved a sale of intoxicating liquors in violation

3. SAME:              of law, and was therefore null and void.
   restitution
   of property:       This is an attempt to impeach the adjudica-
   defenses.          tion in plaintiff's favor in the main case
from which no appeal has been taken.   If this contention
was true in fact, it would have been available to McManus

as a defense in the main case, and would have been sufficient to defeat both plaintiff and intervener. But McManus interposed no such defense. He conceded his liability, and such concession became the bone of litigation between plaintiff and intervener. The record of the proceedings in the main case wherein judgment was entered for plaintiff does not disclose any evidence of illegality in the contracts sued upon. The alleged facts upon which intervener bases his contention of illegality are negatived by the adjudication in the main case. The point, therefore, is not available to the intervener in resistance to restitution. The money to be restored came to it through the hands of the court, and into the hands of the court it must restore. There is nothing illegal about that.

The foregoing disposes of the substance of the argument. The points here argued are presented in different forms and with some repetition, but what we have already said is decisive against them all. In its essence the case is controlled as already indicated, by section 4145. The many points raised and argued in resistance to the order of restitution have apparently sprung up out of the bitterness of the litigation, rather than out of any special intricacies involved in the case.

The order of the trial court must be *affirmed*.