HETHERINGTON LETTER COMPANY, Appellant, Cross-Appellee,

v.

O. F. PAULSON CONSTRUCTION COMPANY, Appellee, Cross-Appellant,

v.

MERCHANT'S NATIONAL BANK OF CEDAR RAPIDS, Iowa, Cross-Appellee.

No. 52815.

Supreme Court of Iowa.

Jan. 13, 1970.

J. D. Randall and D. G. Bleakley, Cedar Rapids, for appellant, cross-appellee, Hetherington Letter Company, and cross-appellee Merchant's National Bank of Cedar Rapids, Iowa.

Remley & Heiserman, Anamosa, for appellee, cross-appellant.

## Supplemental Opinion

RAWLINGS, Justice.

Due to oversight in processing procedures the following was inadvertently omitted from the opinion filed October 14, 1969, 171 N.W.2d 264, which is hereby supplemented.

Another question posed, especially upon defendant's cross-appeal, is whether Mr. Randall's testimony relative to floodproofing the basement was admissible under any concept other than fraud.

The underlying problem is whether the contract between Hetherington Letter Company and Paulson Construction Company required the latter to floodproof the basement.

In an effort to buttress Hetherington's position, Mr. Randall was permitted to testify, over timely and proper objections, regarding claimed conversations and his understanding on the subject at hand.

As previously disclosed, however, neither the contract nor supplementary communications contain any reference whatsoever to installation of a basement immune to flooding.

Under these circumstances Mr. Randall's challenged testimony was irrelevant in that it constituted an obvious attempt to show an intention wholly unexpressed in writing.

Stated otherwise, it is self-evident the vigorously disputed floodproofing testimony did not throw light on the situation, reveal

antecedent negotiations, or disclose attendant circumstances and objects the parties were striving to achieve, in order that the trier of the facts could determine actual significance and proper legal meaning of the agreement. Actually it reveals an attempt to show not what the writing meant but rather a thought or intent entirely foreign to the written agreement, i. e., an attempt to alter or vary its terms. See in this regard Hamilton v. Wosepka, Iowa, 154 N.W.2d 164, 169, and Restatement, Contracts, section 237.

Trial court erred in holding plaintiff was entitled to an offset against any amount owing by it to defendant because the basement was not floodproofed.

Our prior opinion stands reaffirmed, being hereby supplemented only to the extent above set forth.

All Justices concur, except REES, J., who takes no part.