**HETHERINGTON LETTER COMPANY, Appellant,**

v.

**O. F. PAULSON CONSTRUCTION COMPANY, Appellee,**

v.

**MERCHANTS NATIONAL BANK OF CEDAR RAPIDS, Iowa, Third-Party Defendant to Counterclaim.**

No. 54641.

Supreme Court of Iowa.

Dec. 15, 1971.

John D. Randall, Cedar Rapids, for appellant.

Remley, Heiserman & Story, Anamosa, for appellee.

PER CURIAM:

This is a sequel to our opinion in Hetherington Letter Co. v. O. F. Paulson Const. Co., Iowa, 171 N.W.2d 264 as supplemented in 173 N.W.2d 575. We there found against Hetherington on the appeal and on Paulson's cross-appeal found it entitled to recover an additional amount. The trial court had entered a $13,901.09 judgment against Hetherington with five percent interest per annum from August 16, 1960.

At page 269, 171 N.W.2d, we stated: "This court now holds defendant is entitled to have its mechanic's lien established to secure payment of $5,331.60 balance due on the contract, plus $14,572.82 for extras, or a total· of $19,904.42, and this case is remanded to trial court for entry of decree in accord herewith."

Thereafter the trial court held a hearing to consider Hetherington's contention in-

terest started on the date of the judgment on remand. Paulson argued this court only modified the original judgment upward and that interest ran from the date set in the original judgment, August 16, 1960.

It was the duty of the trial court to comply strictly with the mandate of this court according to its intent and meaning, as determined by the directions given by us. Arnold v. Arnold, 258 Iowa 850, 854, 140 N.W.2d 874, 876; Iowa-Illinois Gas and Elec. Co. v. Gaffney, 256 Iowa 1029, 1040, 129 N.W.2d 832, 838. See also 5 Am.Jur.2d, Appeal and Error, sections 991 and 992; 5B C.J.S. Appeal and Error section 1966.

The trial court's "Ruling and Amended Judgment Entry" includes: "This Court has already entered judgment and provided for the running of interest. The opinion of the Supreme Court did not result in a new judgment but simply directed this court to modify that judgment as to the principal amount. No direction was received from the Supreme Court to modify as to the interest entry of the prior judgment. If we accept plaintiff's theory, the elimination of interest on remand would effectively deny the full monetary gain to a successful litigant-appellant and in some cases, depending on the extent of the modification of the principal amount, could well leave him in a worse financial position than he would have enjoyed if he had not been successful in his appeal. Certainly our Supreme Court could not have intended such a result." We agree.

Inclusion of interest from August 16, 1960 on the $19,904.42 judgment entered August 4, 1970 was proper. Hetherington's appeal therefrom is without merit.

Affirmed.

All Justices concur except REES, J., who takes no part.