MUCHMORE EQUIPMENT, INC., an
Iowa Corporation, Appellee,

v.

Jim GROVER, Appellant.

Jim GROVER, Counterclaimant,

v.

MUCHMORE EQUIPMENT, INC., an
Iowa Corporation, Defendant to
Counterclaim.

Jim GROVER, Third Party Plaintiff,

v.

Robert MUCHMORE and Diana Muchmore, Third Party Defendants.

No. 68889.

Supreme Court of Iowa.

May 18, 1983.

A.F. Craig, Jr. of Craig, Wilson & Flickinger, Independence, and George E. Wright of Napier, Wright & Wolf, Fort Madison, for appellant-counterclaimant-third party plaintiff.

Franklin W. Sauer of Hoeger, McClintock & Sauer, Independence, for appellee-defendant to counterclaim-third party defendants.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McGIVERIN, LARSON and SCHULTZ, JJ.

SCHULTZ, Justice.

We are asked on this appeal to review the allocation of interest on the judgment ordered by this court in *Muchmore Equipment, Inc. v. Grover,* 315 N.W.2d 92 (Iowa 1982).

Grover contracted with Muchmore for the construction of a grain bin. He made two payments during the course of the project and agreed to pay the balance on completion. Muchmore built the grain bin and the parties reached a final settlement on March 15, 1979. Grover gave Muchmore a check for $16,362.04, but later stopped payment on the check. Muchmore then sued for the amount remaining unpaid and for punitive damages. On October 31, 1980, the district court awarded judgment in favor of Muchmore in the amount of $16,292.04, the principal of the contract, plus a delinquency charge of 1% per month from March 15, 1979 until paid, punitive damages, and attorney fees. After execution and garnishment, the sheriff paid $26,604.17 over to the clerk of court on December 4, 1980. This amount included the principal amount of $16,292.04, punitive damages of $10,000, postjudgment interest of $160.80, and costs

of $151.33. Muchmore did not receive any amount for the delinquency charge.

On January 20, 1982, we modified and affirmed the district court decision. We held that Muchmore was not entitled to punitive damages. We determined that the delinquency charge was in fact interest and that the contract was usurious. We also ruled that pursuant to section 535.5 of the Iowa Code Grover was liable to Muchmore for the principal amount and to the state for the amount of interest specified by that section. *Grover,* 315 N.W.2d at 99–100. We then returned the case to the district court with the following directions:

> to vacate the present judgment and to enter judgments (1) for Muchmore and against Grover for $16,292.04, and (2) for the State of Iowa for the use of the Buchanan County school fund and against Grover for a sum equal to 8% per annum times $16,292.04 from March 15, 1979, until the date of the judgment. Interest on the judgments will run at the legal rate for judgments from their respective dates until paid.

After the procedendo was issued, the parties appeared before the district court. The parties asked the court to determine what interest, if any, Muchmore owed Grover on the amount of the original judgment which was to be returned to Grover. The request was concerned primarily with any interest that was to be paid on the punitive damages.

On May 7 the district court modified its previous judgment by ordering judgment for Muchmore in the sum of $16,292.04, with interest thereon at the rate of 10% from March 15, 1979, until paid. Muchmore was ordered to return the $10,000 of punitive damages to Grover, but with no interest thereon. Judgment was also entered against Grover and for the State of Iowa for the use of the Buchanan County school fund in the amount of $3,910 with interest at 10% per annum from May 7, 1982, until paid. Grover then moved for a new trial because of a mistake and error of law. The court denied that motion on June 4, 1982, but it did vacate its previous judgment and entered the following: (1) judgment against Grover and for Muchmore in the amount of $16,292.04, with interest thereon at 10% from May 7, 1982, until paid; (2) judgment that Muchmore return the $10,000 punitive damages to Grover, with interest at 10% from May 7, 1982, until paid, and (3) judgment against Grover and for the State of Iowa for the use of the Buchanan County school fund in the amount of $3,910, with interest thereon of 10% from May 7, 1982, until paid. The court also stated that "all amounts paid and collected between the parties pursuant to the previous judgment of this court, that has now been vacated, shall be returned, and all payments shall be made in conformity with the judgment entry." Grover appealed from this final judgment.

Grover presents the following issues: (1) Did the trial court err in refusing to allow Grover interest on the $10,000 of punitive damages Muchmore obtained by execution? and (2) Did the trial court err in its assessment of prejudgment and postjudgment interest on the principal amount?

■ I. *Punitive damages.* Although we held on the initial appeal that Muchmore was not entitled to punitive damages, our mandate to the district court did not expressly state that Muchmore was to repay the punitive damages. The district court did order Muchmore to repay the $10,000, but it denied Grover's request for interest on that sum.

Muchmore obtained execution on the $10,000 punitive damage award on December 4, 1980, and repaid that amount on June 4, 1982. Grover contends that because the original award was reversed he is entitled to full restitution of the $10,000 and to interest on that amount from December 4, 1980, to June 4, 1982.

The right to restitution of property or money taken by execution of a judgment that is later reversed has long been recognized by the common law and by statute. Iowa Code § 686.15; *Hess v. Cedar Rapids State Bank,* 191 Iowa 685, 182 N.W. 813 (1921); *Orke v. McManus,* 149 Iowa 685, 129

N.W. 68 (1910); *Chambliss v. Hass,* 125 Iowa 484, 101 N.W. 153 (1904); *Zimmerman v. National Bank of Winterset,* 56 Iowa 133, 8 N.W. 807 (1881). Section 686.15 grants authority to an appellate or trial court to order restoration; however, it does not specify whether interest is to be awarded.[1]

Neither party has cited any case in which this court has either required or denied interest on the restored amount. In *Hess* interest from the date of execution was allowed, and in *Orke* interest was awarded from the date of the judgment ordering restitution. In neither case, however, was there a request for or objection to the allowance of interest. Consequently, we believe that the question whether Grover is entitled to interest on money obtained by execution after the underlying judgment is reversed is one of first impression in Iowa.

The district court acted properly in summarily ordering restitution of the punitive damages. Section 686.15 provides express statutory authority for the action and further support is found in the case law. *Orke,* 149 Iowa at 689, 129 N.W. at 70 ("[T]he power to order restitution in such case is essential to the integrity and dignity of the court itself.")

Moreover, we hold that it is essential that the court assess interest on the restored amount. There is some case authority to support our holding. We previously held that a plaintiff who executed on defendant's lands was liable to the defendant for the rental value of those lands when the underlying judgment was reversed. *Schoonover v. Osborne,* 117 Iowa 427, 90 N.W. 844 (1902). We believe that the relationship of interest to money is similar to that of rents to land. Also, in ordering a majority stockholder to restore funds he held improperly we directed that the restitution was to include interest for the period of the wrongful holding. *Holden v. Construction Machinery Co.,* 202 N.W.2d 348, 358 (Iowa 1972). Other authority supports our conclusion. 66 Am.Jur.2d *Restitution*

*and Implied Contracts* § 171 (1973) (a judgment creditor who levies on property holds the property or proceeds as a trustee until the action becomes final and should account for its use and pay interest upon the proceeds); Restatement of Restitution § 74(d) (1937) ("[I]f payment has been made to the judgment creditor . . . upon reversal of the judgment the payor is entitled to receive from the creditor the amount thus paid with interest.") *See also* 5B C.J.S. *Appeal and Error* § 1983 (1958); 5 Am.Jur.2d *Appeal and Error* § 1005 (1962).

Muchmore contends that it is inequitable to order him to pay interest for the time he held the punitive damages because he is to receive no compensation for the period he was deprived of the principal amount. Muchmore's loss of interest was caused by his own conduct. He was found to have charged an usurious rate on the contract. The law thus prevents him from obtaining interest on the principal amount to which he would otherwise be entitled. Iowa Code § 535.5. Accordingly, we conclude there is no inequity in our holding.

We hold that the rate of interest should be 5% as specified by section 535.2 from the date of execution until the date restitution is ordered. From the later date until payment of the restored amount interest should be computed at the statutory rate of 10%.

The rate of 5% prescribed by section 535.2 is more appropriate than the higher rate prescribed for judgments by section 535.3. A judgment is a final adjudication of the rights of the parties in an action. Iowa R.Civ.P. 219. Grover's right to restitution was not adjudicated until May 7, 1982. Thus, until May 7, 1982, the $10,000 was simply money "due" and is thus governed by section 535.2 subd. 1(b).

II. *Forfeiture and other interest.* The district court experienced difficulty in assessing interest on the $16,292.04. After the remand of the initial appeal the court twice ordered entry of judgment. It or-

---

1. If, by the decision of an appellate court, the appellant becomes entitled to a restoration of any part of the money or property that was taken from him by means of a judgment or order, either the appellate court or the court below may direct execution or writ of restitution to issue for the purpose of restoring to him such property or its value.
   § 686.15.

dered the first judgment on May 7, and it ordered the vacation of that judgment on June 4. The second order also entered judgment for Muchmore and against Grover for $16,292.04, with interest at 10% from May 7. It also ordered judgment against Grover and for the state for the use of the school fund for $3910, with interest at 10% from May 7. The amount of $3910 is equal to the usury forfeiture rate of 8% times the principal amount for the period from March 15, 1979, until May 7, 1982. *See* § 535.5.

Grover appeals from these awards and contends that the court ignored the execution on the October 31, 1980, judgment. He argues that since he satisfied the judgment on December 4, 1980, he should not be required to pay interest after that date. We will examine these contentions and determine the proper interest rate and period of time for which interest should be computed.

A. *Forfeiture.* We held in the initial appeal that the provision for a 1% per month delinquency charge in Muchmore's contract was usurious. Section 535.5 provides the penalty for usury as follows:

> If it shall be ascertained in any action brought on any contract that a rate of interest has been contracted for, directly or indirectly, in money or in property, greater than is authorized by this chapter, the same shall work a forfeiture of eight cents on the hundred by the year upon the amount of the principal remaining unpaid upon such contract at the time judgment is rendered thereon, and the court shall enter final judgment in favor of the plaintiff and against the defendant for the principal sum so remaining unpaid without costs, and also against the defendant and in favor of the state, for the use of the school fund of the county in which the action is brought, for the amount of the forfeiture; and in no case where unlawful interest is contracted for shall the plaintiff have judgment for more than the principal sum, whether the unlawful interest be incorporated with the principal or not.

The cardinal idea of the statute is that the lender should be punished for his usurious behavior by forfeiting any interest on the principal amount he is owed. It is intended, however, that the debtor should pay some interest for the use of the money. *McIntosh v. Likens,* 25 Iowa 555, 558 (1868). The statute provides that he should pay interest at 8% per annum "upon the amount of the principal remaining unpaid upon such contract at the time judgment is rendered thereon" to the state for use of the school fund. This amount is the forfeiture. Iowa Code § 535.5.

We must then determine the length of time for which the interest penalty is assessed. It is well established that the debtor is to pay to the state for the use of the school fund only what the usurer forfeits. *Easley v. Brand,* 18 Iowa 132, 136 (1864). Muchmore forfeits the right to obtain from Grover interest that became due under the contract, and Grover must pay interest as specified by section 535.5. *Smith, Twogood & Co. v. Coopers & Clark,* 9 Iowa 376, 388 (1859). Grover must pay interest for a period which begins when the principal became due under the contract and ends when "judgment is rendered." § 535.5.

The principal became due on March 15, 1979, and judgment was rendered on the date the original judgment was entered, October 31, 1980. The trial court apparently interpreted our mandate "to vacate the present judgment and to enter judgments" as a direction to provide a new date for the judgment. In using the term "vacate" we did not intend to use its technical meaning. *See* Iowa R.Civ.P. 252. Nor did we intend for the judgment to have no further force or effect. *See Riha v. International Telephone & Telegraph Co.,* 533 F.2d 1053, 1054 (8th Cir.1976); 49 C.J.S. *Judgments* § 306 (1947). We expressly affirmed and modified the original judgment. We intended for the district court to affirm the judgment on the principal amount, and modify it by vacating the award of punitive damages and the award of accrued usurious interest.

B. *Interest on judgments.* After the appeal was completed Muchmore had a

judgment for $16,292.04; the state was entitled to judgment for the forfeiture; and Grover was entitled to a judgment to recover the $10,000 obtained by execution. Each judgment included some interest and we must determine the rate and the date of commencement of interest on each judgment.

Section 535.3 of the 1979 Iowa Code provided for interest for money due on a judgment at the rate of 7%. Effective January 1, 1981, this rate was increased to 10%; however, the increase did not apply to judgments entered prior to that date. 1980 Iowa Acts ch. 1170 § 2. Thus, we must determine whether the original judgment is the effective judgment for all money awards, or whether the appeal and resulting modifications have affected the assessment of interest.

■ The assessment of interest on judgments may be affected by an appeal. When a money judgment in a law action is reduced in part on appeal, the judgment creditor is entitled to interest at the statutory rate for judgments. *Poulsen v. Russell,* 300 N.W.2d 289, 297–98 (Iowa 1981); *see* Annot., 4 A.L.R.3d 1223 (1968). Similarly, we held in *Arnold v. Arnold,* 258 Iowa 850, 857, 140 N.W.2d 874, 878 (1966), that in a divorce action if the judgment creditor appeals, and the appeal results in an affirmance with increased periodic alimony, interest on any amount overdue because of the increase or for another reason is not suspended and is allowed from the original date of judgment. This relating-back is also obtained in other civil suits where a money judgment is affirmed and increased. *Hetherington Letter Co. v. O.F. Paulson Construction Co.,* 192 N.W.2d 808 (Iowa 1971). In *Arnold* we further held that when additional specific relief is allowed on appeal, it draws interest from the date of procedendo; however, relief that requires further determination by the district court draws interest from the date of that court's supplemental decree. *Arnold,* 258 Iowa at 858–59, 140 N.W.2d at 879. We noted in *Arnold* that "the matter of suspension of interest pending appeal is governed by the nature of the case and results obtained." 258 Iowa at 857, 140 N.W.2d at 878; *see* 47

C.J.S. *Interest and Usury* § 66 (1982). Generally, when a judgment is modified on appeal and the only action required in the trial court is compliance with the mandate of the appellate court, the interest runs from the date of the original judgment; however, when a judgment is reversed the interest is not generally computed and accrued during pendency of the appeal. 47 C.J.S. *Interest and Usury* § 68.

■ Muchmore was not entitled to usurious interest, but is entitled to interest at the statutory rate of 7% on the principal amount from October 31, 1980, until December 4, 1980.

■ Judgment was not entered against Grover and for the state for the forfeiture until May 7, 1982. Grover is liable for the forfeiture and for interest at 10% on the forfeiture from May 7, 1982, until the entire amount is paid.

The trial court first entered judgment for the return of the $10,000 punitive damage award on May 7, 1982. It also ordered judgment for 10% interest on the $10,000 from that date until the sum was paid. The court should also have entered judgment for Grover for interest at 5% on the $10,000 from December 4, 1980, until May 7, 1982. Grover is also entitled to 10% interest on that judgment for interest from May 7, 1982, until paid. That date was the date the commencement of the action was acknowledged in the record as there were no formal pleadings.

Although we are increasing the judgment on this appeal, our mandate to the district court is only a modification of the money award and the amount of interest. 47 C.J.S. *Interest and Usury* § 68.

We therefore modify and affirm the judgment of the district court dated June 4, 1982, and remand for judgment consistent with this opinion.

MODIFIED; AFFIRMED AS MODIFIED; AND REMANDED.