G. W. ROTH, v. W. D. BOIES, Appellant.

Appeal: TRIAL *de novo*: JUDGMENT ON REMAND. Where the plaintiff in an action for a partnership accounting appealed and upon trial *de novo* the Supreme Court entered decree for a specified sum, and remanded the case for the settlement of uncollected

accounts and final judgment according to the decree, the trial court could not, on a remand of the case, change the sum awarded on appeal by allowing interest thereon for a time antedating the decree of the appellate court.

*Appeal from O'Brien District Court.*—HON. WM. HUTCHINSON, Judge.

FRIDAY, FEBRUARY 18, 1910.

THE opinion states the case.—*Reversed.*

*E. C. Herrick* and *J. M. Parsons,* for appellant.

*Milchrist & Scott,* for appellee.

SHERWIN, J.—The original of this action was brought for an accounting between partners. The plaintiff claimed about $12,000, and in the district court secured a judgment for $3,554.60. The plaintiff appealed, and this court gave him a judgment for $5,776.79, and remanded the case to the district court for the settlement of unsettled and uncollected accounts, which could not be determined upon the original trial, and for a final judgment in harmony with the decree of this court. Our decree was for a gross sum, without any mention of interest. The plaintiff filed a petition for a rehearing, and therein urged his right to an additional allowance for interest on the amount found due him. The petition for rehearing was later stricken upon the defendant's motion, and thereafter a *procedendo* issued, and, upon same being filed in the district court, plaintiff filed a motion for a decree in conformity with the opinion of this court. The motion was not acted upon at that time, and later the parties agreed upon the amount that the plaintiff should have for the uncollected accounts, office furniture, library, etc. The district court then gave the plaintiff judgment for the

amount so agreed upon, and also judgment for the sum found due by this court, with interest at six percent per annum from December 4, 1906, instead of from April 11, 1908, the date of our decree.

A mere statement of the case thus presented is sufficient to show the error of the trial court. The original case before this court was for an accounting, and it was triable and was tried *de novo*. A specific sum was found due the plaintiff at the time of our decree, and this the trial court had no power to change, by either subtraction or addition, unless so ordered to do by this court. The case was remanded for a specified purpose, and that purpose had nothing to do with the matter of interest antedating the date of our decree. *Lombard v. Gregory*, 88 Iowa, 431; *Croup & Shafer v. Morton*, 53 Iowa, 599; *City of Marshalltown v. Forney*, 64 Iowa, 664. The decree of the district court is *reversed*.

LADD, J., took no part.