HARDEN v. HARDEN, Ex'r.

No. 30375. June 9, 1942.

Rehearing Denied Oct. 6, 1942.
Application for Leave to File Second Petition for Rehearing Denied Jan. 19, 1943.

*130 P. 2d 311.*

N. E. McNeill, of Tulsa, and Crump & Carver, of Wewoka, for plaintiff in error.

Busby, Harrell & Trice, of Ada, for defendant in error.

RILEY, J. This appeal involves the right of plaintiff in error, defendant below, to collect interest on a judgment for alimony pending appeal to this court from a decree granting her a divorce and awarding her alimony.

In 1935 Elizabeth Harden brought suit against Andrew J. Harden for a divorce, division of property and alimony. She contended that all or nearly all the real property then standing in the name of Andrew J. Harden, her husband, was property jointly acquired during coverture and sought an equal division thereof in settlement of her property rights.

In the decree she was granted a divorce, but was denied a division of the property in kind. Certain real property located in the city of Ada and certain oil stocks were set aside to her. The other real estate standing in the name of the defendant, Andrew J. Harden, together with money due for oil and gas produced therefrom then in the possession of the pipe line companies, approximately $190,000, was decreed to defendant, Andrew J. Harden. Andrew J. Harden was further ordered to pay to Mrs. Harden, as alimony, the sum of $300,000 less $6,000 theretofore paid as alimony, suit money, and attorneys' fees.

The decree was entered in the district court of Pontotoc county on July 1, 1936, and provided that the $294,000 should be paid as follows: $94,000 forthwith, $100,000 July 1, 1937, and $100,000 July 1, 1938, and that said amounts or any part thereof, if not paid within the time specified, to draw interest at the legal rate per annum from the due date, until paid. The decree then provided that the First National Bank & Trust Company, Tulsa, Okla., be designated and appointed as trustee for plaintiff, Elizabeth Harden, to collect and receive said sums of money and hold same in trust for the use and benefit of plaintiff, and directed how said money should be paid out. Both parties were dissatisfied with the decree, and each filed a motion for new trial. The motions were both overruled. Andrew J. Harden appealed and perfected his appeal October 14, 1936, Elizabeth Harden perfected her separate appeal October 30, 1936.

The appeals were consolidated. On final hearing in this court, the decree was in all things affirmed except that part thereof decreeing a trust of the alimony award, which was vacated. Harden v. Harden, 182 Okla. 364, 77 P. 2d 721. Mandate issued from this court on April 5, 1938.

April 15, 1938, motion to spread the mandate of record in the district court of Pontotoc county came on for hearing, at which time defendant, Andrew J. Harden, appeared and filed a motion or request that the court render judgment under the mandate to the effect that defendant be adjudged to pay the $194,000 then due under the original decree, with interest only from April 15, 1938, and the remaining $100,000 July 1, 1938, with interest from that date. This motion was based upon the theory that by reason of Elizabeth Harden's having appealed from the decision of the trial court and having obtained a modification of the decree, she was not entitled to collect interest on that part of the judgment which became overdue pending the appeal. The motion was denied and defendant gave notice of appeal, but no appeal was taken.

Thereupon, the mandate was spread of record, affirming the original decree as modified by the Supreme Court.

On April 21, 1938, Andrew J. Harden paid Mrs. Harden the sum of $194,000 under a stipulation that said payment was without prejudice of the rights of Mrs. Harden to claim payment of interest on said sum to said date. The

$100,000 due July 1, 1938, was paid on said date and there is no controversy thereover.

September 15, 1938, Mrs. Harden, claiming that there was then due her, as interest on the $194,000 from the dates it became due under the original decree until paid, in the sum of $15,029, caused execution to be issued.

Thereupon, Andrew J. Harden commenced this action to enjoin enforcement of the execution and for a decree declaring the judgment to have been fully satisfied and paid.

Issues were joined and trial had, resulting in a judgment and decree denying Mrs. Harden's right to recover interest, canceling the judgment as having been fully paid and satisfied, and enjoining further attempt to collect the interest claimed, and defendant appeals.

Plaintiff, Andrew J. Harden, having died, the cause was revived in the name of Andrew J. Harden, Jr., executor of the estate of Andrew J. Harden, deceased.

There are many assignments of error going to the findings of fact by the trial court, but the principal and, substantially, the only questions presented go to the conclusions of law based upon the findings. There is but little controversy over the facts.

Plaintiff in error presents several propositions which we think unnecessary to discuss. They may be, for the most part, considered as included in the sixth and last proposition, viz.: "The judgment of the trial court is contrary to law when applied to the undisputed facts."

The only question involved is whether Elizabeth Harden, by appealing in the divorce proceedings, forfeited her right to collect interest on the alimony award, pending the appeal, where the decree as to the amount of alimony was in all things affirmed.

The question of the suspension of interest pending appeal is one largely determined by the character of the case and the result of the appeal. 33 C. J. 247.

By the clear provision of the decree of divorce awarding alimony, the decree itself fixed the time when the payment of the alimony should be made.

As between the plaintiff and defendant, that decree and provisions were in all things affirmed. The only modification of the decree, as rendered by the trial court, was as to whom the payment should be made. The decree of the trial court was that the money should be paid to the trust company as above stated. The decree of this court was that it should be paid to plaintiff. With that part of the decree fixing the person to whom payment should be made, defendant, Andrew J. Harden, was not concerned. The modification of the decree in that respect did not in any way increase or decrease the liability of the defendant.

It is suggested that where both parties appeal from a judgment, interest will not be allowed on the judgment, pending appeal, because both parties are responsible for delay in the payment thereof. This seems to be the rule where money judgments only are involved and there is no contract calling for interest. 33 C. J. 247.

But it is subject to the rule, stated above, that the question of suspension of interest pending appeal is largely determined by the character of the case and the result of the appeal. The character of the case here involved is a divorce proceeding involving the question of alimony or division of property.

Cases involving divorce and alimony are in a class apart from those wherein judgments are sought for money only. Many things are to be taken into consideration in fixing a proper amount of alimony which of necessity cannot be considered in an ordinary action for the recovery of money. For instance, circumstances common to both parties, such as duration of the marriage, social status, agreements, if any, between the parties, antenuptial or postnuptial separation agreement, etc., are to be con-

sidered. Again, circumstances affecting the husband, such as amount or value of his estate, his income, his earnings or earning capacity, his obligations, his dependencies, his age and health, his conduct, etc., are all to be considered. Circumstances affecting the wife, such as her actual needs, her obligations, her loss of rights in husband's property, her contribution, if any, to husband's property, her separate property or estate, her dependencies, her age and health, her earnings, or capacity to earn, are all to be considered. Seldom are any of these circumstances taken into consideration in arriving at the correct amount of a judgment to be entered in an ordinary action to recover a money judgment.

The decree may provide that the award must be paid in a lump sum or in installments, and when the installments become payable. The decree may expressly provide for interest. But in this state alimony decreed to a wife is as much a debt, until the decree is recalled or modified, as any judgment for money, and without a specific provision for interest past-due installments draw interest at the statutory rate. Stanfield v. Stanfield, 22 Okla. 574, 98 P. 334, and 67 Okla. 56, 168 P. 912.

In Kansas the court may provide in the decree that the alimony award shall draw interest if not paid at the time therein specified. Blankenship v. Blankenship, 19 Kan. 159.

In Huellmantel v. Huellmantel, 117 Cal. 407, 49 P. 574, 57 P. 582, the wife was allowed interest on the amount allowed in the original decree for attorney's fee as originally made, from the date of the decree, and upon the installments allowed as alimony in the original decree from the date each became due, although the defendant obtained a reversal of the original decree with respect to the disposal of certain real estate, and also obtained a modification of the second decree on the second appeal.

In Williams v. Williams, 36 Wis. 362, interest was allowed from the date of the original decree, notwithstanding the husband on appeal obtained a modification of the decree from the sum of $600 per annum to a lump sum of $3,000. These were cases, however, where the appeals were by the husband and the wife did not appeal. But they clearly refute the theory advanced by defendant in error herein that a modification of the decree extinguishes the right to interest pending the appeal. So where the appeal does result in some modification of the divorce decree, it does not suspend interest pending the appeal where the alimony award is affirmed in whole or in substance. In De La Rama v. De La Rama, 241 U. S. 154, 36 S. Ct. 518, 60 L. Ed. 932, it was held that allowance of interest on a decree of division of property from the date of the divorce decree is within the discretion of the court, notwithstanding the success of the husband in reducing on appeal the amount which was allowed the wife. Considering, then, that proceedings for a divorce, division of property and alimony in character differ from ordinary actions for the recovery of money judgments, we look to the result of the appeal in the instant case. Interest on past-due installments of the alimony were made, both by the law and the original decree, as much a part of what Andrew J. Harden was required to pay as was the alimony itself. No part of that decree as between the plaintiff and defendant was reversed or modified, only that part thereof which set up a trust and appointed a trustee to receive and handle the money was reversed. With that part of the decree the husband was not concerned. It made no difference to him whether the payments were to be made direct to the wife or to the trustee. He was relieved of no obligation by the modification.

The decree, so far as it affected the defendant, was affirmed in full, and this included the provision for payment of interest.

Plaintiff in this action in his petition alleged that it was impossible for him to pay said judgment for the reason that defendant, Elizabeth Harden, was claiming all his property and superseded the

judgment. The record shows otherwise. In fact, he first appealed and superseded the judgment so that pending the appeal it was impossible for Elizabeth Harden to collect said judgment. He was within his right when he appealed, but he was in no position to say that Elizabeth by her appeal was the sole cause of the delay. The appeals brought the whole matter of the alimony award before this court with full power and jurisdiction to modify in any respect that this court should deem equitable and just. Welch v. Welch, 145 Okla. 286, 292 P. 824.

In the trial court and in this court on appeal, defendant, Andrew J. Harden, contended: (1) That plaintiff, Elizabeth Harden, was entitled to no alimony whatever in that case by reason of a former decree, not involving a divorce, wherein she was awarded alimony or separate maintenance, and (2) that if she was entitled to alimony in the divorce proceedings, the amount awarded was grossly excessive. These contentions were stressed in the original brief, the petition for rehearing, and the application for leave to file a second petition for rehearing. (Here it may be noted that in neither the petition for rehearing nor in the application for leave to file the second petition for rehearing did the defendant raise the question of suspension of interest pending the appeal.)

Defendant had full opportunity to raise the question then, but he did not see fit to do so. This question appears to be an afterthought. It was raised for the first time when the motion to spread the mandate of record came before the district court.

In Welch v. Welch, 177 Okla. 330, 58 P. 2d 896, it is held:

"After Supreme Court definitely and explicitly decides issues in controversy and renders judgment, and judgment becomes final and mandate is issued, trial court is without authority to review record, opinion, or judgment of Supreme Court to determine correctness of its decision or to enter contrary judgment."

Under the rule stated, we think the trial court was without power or jurisdiction to modify the opinion or decree of this court, at the time the mandate was spread of record, or in a separate action such as this. We have examined the authorities cited by defendant in error, and particularly Bates v. Dresser, 251 U. S. 524, 64 L. Ed. 388, and are of the opinion that they do not sustain his contention.

Harding v. Harding, 79 Ill. App. 590; 144 Ill. 588; 180 Ill. 592, 54 N. E. 604, and 180 Ill. 481, 54 N. E. 587, tends to support the contention of plaintiff in error. There interest on an award for temporary alimony was allowed, though the main question of her right to alimony was contested through several appeals, covering a period of about eight years. The litigation was finally ended in Harding v. Harding, 54 N. E. 587, and Harding v. Harding, 54 N. E. 604. In the reported decision it does not clearly appear that both parties appealed, but in the principal case, 79 Ill. App. 590, and 54 N. E. 587, it is stated: "There are assigned on the record in this case by appellant one hundred and fourteen errors and thirty-four cross-errors by appellee." It is fair to assume that there was some sort of a cross-assignment of errors. It does appear, however, that the plaintiff in said proceedings made no effort to have the amount of temporary alimony increased. But it was finally held that there was no error in allowing interest on the unpaid balance of the temporary alimony for the time consumed in the litigation, including the several appeals. It was said: "The decree of the court awarding . . . alimony is a money decree and bears interest under the statute."

From the record as a whole it appears that the bill of defendant in error herein is without support in equity and that the trial court erred in granting the injunction and entering the decree declaring the judgment for alimony paid and satisfied in full.

Judgment and decree reversed, with directions to enter judgment for defendant.

OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. WELCH, C. J., and CORN, V. C. J., dissent. DAVISON, J., absent.

WELCH, C. J. (dissenting). I think the judgment should be affirmed, in view of the detailed findings of fact by the trial judge, supported by the evidence, as to the affirmative acts of plaintiff in error which caused or contributed to, and by which she fully asquiesced in, the impounding or withholding of the oil proceeds and money out of which the original judgment installments were to be paid.