Kenneth W. Pinkstaff, Appellee, v. The Pennsylvania Railroad Company, a Corporation, Appellant.

## Gen. No. 48,891.

First District, Second Division.
December 17, 1963.
Rehearing denied January 28, 1964.

R. L. Bierma, A. L. Foster, and Kirkland, Ellis, Hodson, Chaffetz & Masters, all of Chicago (Max E. Wildman and Frederick W. Temple of counsel), for appellant.

James A. Dooley, of Chicago, for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court:

On November 5, 1957 plaintiff had judgment in the amount of $50,000 against defendant on a jury verdict in a FELA action growing out of a switching operation on one of defendant's terminal tracks in which plaintiff was injured. Plaintiff was dissatisfied with

the amount of the judgment. Motion for a new trial was overruled. Plaintiff then appealed to this court where the judgment was affirmed (23 Ill App2d 507, 163 NE2d 728 (1959)). On review in the Supreme Court of Illinois the judgment was again affirmed (20 Ill2d 193, 170 NE2d 139 (1960)); ultimately, petition for certiorari to the Supreme Court of the United States was denied on April 17, 1961 (365 US 878). Following this ruling of the Supreme Court, a dispute arose between the contending parties as to whether interest ran during the three and one-half years of unsuccessful appeals. The amount of interest in dispute at the time certiorari was denied was approximately $9000, and would now amount to over $12,000. To resolve the interest dispute, counsel for defendant on August 31, 1961 paid into the office of the clerk of the Circuit Court the sum of $49,250.70, computed on the following basis:

| | | |
|---|---:|---:|
| Judgment | $50,000.00 | |
| Costs in trial court | 36.10 | |
| Interest from 4-17-61 (the date when the United States Supreme Court denied certiorari) to 8-31-61 (the date of tender) | 931.50 | |
| Total | | $50,967.60 |
| Less Railroad Retirement Lien | 1,576.00 | |
| Net | | 49,391.60 |
| Less Appellate Court costs of defendant | 140.90 | |
| Net Balance | | 49,250.70 |

Plaintiff was notified of the deposit of this sum but refused to accept it as a tender, contending that defendant improperly computed interest and costs, and

arbitrarily deducted amounts for a lien and appellate court costs, and also claiming that he was entitled to interest for the entire period of unsuccessful litigation carried on by plaintiff, the judgment creditor.

On March 16, 1962, some six months after the deposit was made, plaintiff's counsel notified defendant that he would appear in the Circuit Court on motion to set for hearing and determination the issue of the sums due and owing plaintiff. Pursuant to hearing of plaintiff's motion an order was entered finding "that at no time had the defendant made such a tender of the payment of the judgment, interest, and costs as would stop the running of interest on the said judgment," and directing "that plaintiff have and recover the sum of $50,000, plus the costs in the trial court and plus the statutory sum of interest at the rate of five per cent on the said judgment . . . from November 5, 1957 until the same is satisfied in full." Defendant appeals from this judgment.

The question at issue is whether defendant should be required to pay interest on the judgment during the pendency of approximately three and one-half years of unsuccessful appeals to reviewing courts by the judgment creditor who considered the amount of the judgment inadequate and, for other reasons as well, challenged its validity. The entire controversy is centered on the provision of section 3 of the interest statute (Ill Rev Stats 1961, c 74, § 3). The relevant language of the act, in full force and effect at all times in the proceedings in this cause, reads as follows:

> "Judgment, award, report or verdict—Interest.]
> § 3. Judgments recovered before any court or magistrate shall draw interest at the rate of 5% per annum from the date of the same until satisfied. When judgment is entered upon any award, report or verdict, interest shall be computed at

the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment; Provided, however, that the judgment debtor may by tender or payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, writ of error, or other steps to reverse, vacate or modify the judgment."

This proviso in the statute was not added until 1955. Plaintiff's counsel asserts that under the language of the statute the resolution of the issue presented rests upon a determination of whether defendant has ever in fact made such a tender as, he claims, is required by the statute. The intent and meaning of the statute are of paramount importance, and the issue has been resolved by several fairly recent opinions significantly similar on the facts. The law of Illinois is explicit. It has been repeatedly held that interest is not allowable in such a situation. The United States Circuit Court of Appeals has comprehensively reviewed and stated the law on this subject in Quality Moulding Co. v. American Nat. Fire Ins. Co., 287 F2d 313 (7th Cir 1961), decided after the proviso amendment to the interest statute became effective. The case had its genesis in the Municipal Court of Chicago and was transferred to the United States District Court on grounds of diversity of citizenship. The defendants there had moved that they not be required to pay interest from February 20, 1959, the date of the tenders, to March 2, 1960, the period during which plaintiff's unsuccessful appeal was pending. The court denied defendants' motion. The United States Court of Appeals, applying the law of Illinois, as it was required to do, reversed the district court and said in part (pp 314–315):

"It is a recognized principle of law in Illinois that interest will not be awarded to a judgment creditor covering the period of its unsuccessful appeal from a judgment in its favor. Kinne v. Duncan, 323 Ill App 363, 55 NE2d 545. The principal that one causing a delay in the satisfaction of a judgment is not entitled to interest thereon is recognized in Illinois. Moll v. Sanitary District of Chicago, 228 Ill 633, 81 NE 1147; 23 ILP Interest § 64. Other jurisdictions have also adopted the principle that a judgment creditor who appeals from a judgment in its favor and attacks the judgment as invalid, is not entitled to interest if it is unsuccessful on its appeal. 47 CJS Interest § 59.

"In Kinne v. Duncan, supra, the Illinois court cited and quoted with approval State ex rel. Southern Real Estate & Financial Co. v. City of St. Louis, 234 Mo App 209, 115 SW2d 513. The Missouri court stated, 115 SW2d 515,

" 'The underlying theory upon which interest is allowed on money judgments is that from the moment of the entry of the judgment the amount thereof is due from the judgment debtor, with the necessary consequence that the latter is thereafter in default until the judgment is satisfied, and is therefore required to pay interest on his debt as compensation for his further retention and use of the judgment creditor's money. But such exaction of interest obviously implies that the judgment creditor is standing upon the amount of the judgment as the amount which is then due him from his judgment debtor, and that any delay in satisfaction of the judgment, as by an appeal therefrom, is solely

374

occasioned by the act of the judgment debtor himself, . . . .

"'. . . But where it is the judgment creditor himself who is dissatisfied, and he appeals upon the ground of what he conceives to be the inadequacy of the judgment which was rendered in his favor, then if the judgment is affirmed he is held not to be entitled to interest on the judgment pending the disposition of the appeal, since it was by his own act that the proceeding was delayed and prolonged until such time as judicial sanction of the correctness of the judgment finally culminated in its affirmance by the appellate court.' (Citing cases from various jurisdictions.)

"Under the circumstances of this case, a formal tender was unnecessary. It has been held in Illinois, that a tender is unnecessary where it is known that the tender would be unacceptable. Daven v. Downey, 378 Ill 543, 39 NE2d 45; White v. Thomas, 39 Ill 227; West Suburban Finance & Thrift Co. v. Herbst, 300 Ill App 322, 21 NE2d 37."

The Quality Moulding case explicitly holds (p 315) that "a formal tender was unnecessary." There the various defendants sent drafts to plaintiff of the proportionate amount for which each defendant was liable but plaintiff's counsel refused to accept them in satisfaction of the judgment. The court's decision is not based upon the sufficiency or insufficiency of the tenders or the amounts and circumstances under which they were made; it decided the case squarely on the rule of law as laid down by decisions cited in that opinion.

In the Missouri opinion, relied on in both the Quality Moulding and Kinne cases, the court was called upon to construe for the first time the issue we are here considering and said (pp 515–516):

"While the precise question of whether a judgment debtor is relieved from liability for the payment of interest during the period of the judgment creditor's appeal would seem to be one of first impression in this state, we do not understand that there is anything in either the general interest statute or the specific charter provision which precludes their construction in accordance with the general rule that a party who unsuccessfully appeals from a judgment in his favor is not entitled to interest pending his appeal. It is true that neither the statute nor the charter makes such express provision, but the reason for this is obvious. Both the statute and the charter were written with the idea of compensating the judgment creditor for the judgment debtor's delay in satisfaction of the judgment, and with this the matter primarily in contemplation, *the result was that no direct attention was given to the unusual situation where it is the judgment creditor himself who appeals the case and is thereby responsible for the delay in its final termination.*

"But even though the statute and charter do not expressly relieve the judgment debtor from liability for interest pending the judgment creditor's appeal, we think that no other construction of them would be consistent with the intent implied in their enactment. The theory is that when a money judgment is entered by the court, the amount of it is then due from the judgment debtor, and that if he delays satisfaction, he must pay interest on his debt as in other cases of detention of money due. But how can it be said that the

376

amount of the judgment is due from the judgment debtor as a fixed and settled obligation when the judgment creditor himself appeals to a court of appellate jurisdiction to have that very judgment set aside upon the ground of error in its rendition? No act on the part of the judgment debtor, as by tender of the amount of the judgment, could foreclose to the judgment creditor the right to appeal from the judgment, nor could the court which has rendered the judgment note satisfaction of it on its records so long as the appeal was pending. *When it is the judgment creditor himself who creates the situation whereby the judgment may not be satisfied and the judgment debtor discharged, he is in no position to insist that there is any money due upon the judgment, and until money is due upon the judgment, there is no authority for exacting interest upon the theory of a default in satisfaction of it."* (Italics ours.)

Plaintiff seeks to minimize the effect of the Quality Moulding case by saying that the court "was either not advised of Section 3 of the Illinois Interest statute as it had been amended in 1955 . . . , or misapprehended or misconstrued the statute. Since the opinion makes no mention of the statute, and its force and effect," counsel continues, "we believe that the former was the case." This supposition is erroneous. We obtained from the clerk of the United States Court of Appeals a set of the briefs filed in the Quality Moulding case, and find that section 3 of the interest statute was not only raised in the briefs, but fully discussed. Attorneys for defendants urged, on page 5 of their reply brief, that the rule of law relieving a judgment debtor from tender under circumstances such as were there presented renders section 3 of the Illinois interest statute inapplicable in that case. They continued (pp 5–6):

"That statute provides, inter alia, that a judgment debtor may by tender of payment of judgment, costs and accrued interest stop further accrual of interest. In the case at bar there could be no tender. Tender would have been meaningless as the judgment creditor was the appealing party and could not accept tender. The interest statute obviously applies to a situation in which a *judgment debtor wishes both to appeal and stop the running of interest*. Unless the interest statute is read in conjunction with the well settled rules of law regarding tender, it makes no sense whatsoever in this type of situation where a judgment creditor appeals. This has always been recognized by the Illinois courts, which, despite an interest statute which has been in effect in Illinois since 1845, see Smith-Hurd, Ill Anno Stats Chap 74, Sec 3, Historical Note, p 37, have consistently refused to sanction an award of interest to a dissatisfied judgment creditor during the pendency of his unsuccessful appeal. Moll v. The Sanitary District of Chicago, 228 Ill 633; Cook v. South Park Commissioners, 61 Ill 115; Kinne v. Duncan, 323 Ill App 363, 55 NE2d 545; McGowan v. London & Lancashire Indemnity Co., 237 Ill App 561; 23 ILP 32." (Emphasis from the brief.)

In Kinne v. Duncan (Abst.), 323 Ill App 363, 55 NE2d 545 (1944), an earlier case, decided before the proviso in section 3 of the interest statute became effective, the court cited and quoted with approval from State ex rel. Southern Real Estate & Financial Co. v. City of St. Louis, 234 Mo App 209, 115 SW2d 513 (1938), which sets forth the rationale of cases disallowing interest to dissatisfied judgment creditors who by appeal have delayed and prolonged the payment of judgment until a final affirmance by courts

of review. The Missouri decision holds, as does the Quality Moulding case, that a formal tender is unnecessary where, as here, it was known that the tender would be unacceptable. By taking an immediate appeal in the instant proceeding, plaintiff clearly indicated that he would not accept the $50,000 judgment entered in his favor; in fact, he could not accept it because by doing so he would have effected a satisfaction barring his further appeals; there would have been nothing upon which an appeal could be predicated. Daven v. Downey, 378 Ill 543, 39 NE2d 45 (1942); White v. Thomas, 39 Ill 227 (1866); West Suburban Finance & Thrift Co. v. Herbst, 300 Ill App 322, 21 NE2d 37 (1939).

Plaintiff argues that the Kinne case was a suit for accounting and that upon the first appeal from the judgment of the trial court (by way of the Appellate Court (315 Ill App 577, 43 NE2d 425 (1942))) the Supreme Court (383 Ill 110, 48 NE2d 375 (1943)) reversed in part and modified in part and remanded the cause with directions. "Under no statute is interest ever allowed when there is a remandment," counsel says, "and, as the abstract [of the second Appellate Court opinion] indicates, the decree was erroneous in so many important matters that interest should not run from the date of its entry." He thus attempts to minimize the adverse holding of the Illinois Appellate Court the second time the Kinne case was before it, when the sole question for determination was whether interest should be allowed from the date of the decree entered July 22, 1941 or from the date of the final decree entered August 27, 1943. Plaintiff's contention, it seems to us, merely states a difference between the circumstances of the Kinne case and the proceedings at bar without making a distinction of the principle involved. Counsel also urges that the legislature "did not state that the judgment debtor was relieved of

the obligation of making a tender where it was the judgment creditor who appealed, (a fact which could easily have been provided for had the legislature so intended) but imposed the obligation 'notwithstanding' appeal, etc., without making any distinction between the party appealing." It seems to us that the legislature did not make a distinction between the appealing parties because it would not suppose that a judgment creditor, in the event of an unsuccessful appeal, would attempt to collect interest from the date of the original judgment if the judgment debtor had not made tender at the time of such judgment. If the legislature. had intended the proviso to apply to an appeal by the judgment creditor it could have so stated in the proviso. We take the statute as it stands. Section 3 significantly provides that "the *judgment debtor* may by tender or payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, writ of error, or other steps to reverse, vacate or modify the judgment." (Emphasis ours.) This provision is clear and unambiguous and was obviously added to the old interest statute as a safeguard against the running of interest to protect the appealing judgment debtor in the event of an unsuccessful appeal.

Defendant's counsel say that neither plaintiff's research nor theirs reveals a single case from any jurisdiction, either having or not having a tender statute, in which a judgment creditor has been allowed interest pending his own unsuccessful appeal, and we know of none.

██ ██ All the contentions made in plaintiff's brief relate to the question of tender. His counsel argues that defendant has at no time, even to the present date, made such a tender as would prevent the accrual of interest on the judgment; that defendant's attempted

tenders were ineffective for failure to produce the money; that defendant's attempted tenders were invalid and ineffective for the failure to tender the full amount due plaintiff; and that defendant's offer and tender of $49,250.70 were further ineffective to stop interest because they were conditional. The Illinois cases heretofore cited and discussed, as well as the Missouri and Quality Moulding cases, were not resolved on the issue of whether or when proper tenders were made. They clearly and explicitly enunciated the rule that a dissatisfied judgment creditor who appeals and thereby postpones payments of the judgment cannot claim interest after his unsuccessful appeal.

Plaintiff feels aggrieved because defendant was not deprived of the use of the judgment money during the pendency of plaintiff's unsuccessful appeals, but since plaintiff could not accept the amount of the judgment and the court could not order the judgment satisfied, even if tender were made, we fail to perceive how plaintiff could be affected adversely.

The language in the proviso amendment of section 3 of the Interest Act requires us to hold that it was intended to apply only to appeals by a judgment debtor, not by a judgment creditor who was dissatisfied with the amount awarded him. Under the circumstances of this case, tender was unnecessary prior to denial of certiorari by the Supreme Court of the United States. The tender and deposit thereafter were proper, and the sum due plaintiff is presently available to him.

For the reasons indicated, the order of the Circuit Court is reversed and the cause remanded with directions for further proceedings consistent with the views herein expressed.

Order reversed and cause remanded with directions.

BURKE, P. J. and BRYANT, J., concur.