LAURETTA M. CIMIJOTTI, appellee, v. EBERHARD F. CIMIJOTTI, appellant.

No. 51349.

(Reported in 129 N.W.2d 679)

JULY 16, 1964.

Floyd V. Nichols, of Albert Lea, Minnesota, and Fred A. Ontjes, of Mason City, Iowa, for appellant.

Beck & Butler, of Mason City, for appellee.

STUART, J.—This is an appeal from the "Judgment After Remand from Supreme Court" entered on the 12th day of November, 1963, by the trial court in accordance with the procedendo issued in Cimijotti v. Cimijotti, 255 Iowa 77, 121 N.W.2d 537.

Appellant contends said judgment does not comply with provisions of the opinion which divide the farm owned by these parties. We said on page 87 of 255 Iowa:

"Interest in the farm described as the E½ of NE¼, Section 16, Township 97 North, Range 20, West of 5th P.M. in Cerro Gordo County shall be divided equally between the plaintiff and defendant, except that defendant shall have the option to purchase plaintiff's interest therein for $20,000 for a period of 90 days from and after the date judgment is entered by the trial court in accordance herewith. In the event defendant does not exercise the option hereinabove given him, and the parties cannot agree upon any other disposition of the property, the trial court may appoint a referee to sell said property, pay the necessary costs and distribute the proceeds equally between the parties."

The appellant contends a go-cart track and a tract of land for a home for the son should be awarded to him before the division is made and bases his position upon the following language (page 86) contained in the opinion:

"Accumulations at the time of trial consisted of an 80-acre farm valued at $40,000 by plaintiff's witnesses out of which must be taken a tract of ground for the go-cart track and a home for the son of the parties; * * *."

As the writer of this opinion also wrote the original opinion, he can freely acknowledge the inaccuracy and uncertainty of the language which misled appellant without embarrassment to the other members of the court. The language was brought to our attention by an "Application for Clarification" and this appeal could undoubtedly have been avoided if the ruling had been amplified at that time to eliminate the ambiguous wording. At that time we felt the part of the opinion first above quoted was clear and would give the trial court no difficulty in entering a proper judgment in accordance with the opinion. As the judgment entered by the trial court is in accordance with our opinion, we were obviously justified in our position. It is unfortunate that it did not appear equally clear to appellant.

The language upon which appellant bases his contention is found in a paragraph describing the accumulations of the parties. There was no attempt at this point in the opinion to make a division of the property. This phrase was used to call atten-

tion to the fact that the farm described as an "80-acre farm" did not actually contain 80 acres, as part of the land had been taken out of the farm for a go-cart track and a building lot. The meaning would have been much clearer had the writer described the property as an 80-acre farm "including a go-cart track * * *".

Since this appeal has further delayed the division of the property and as we feel the portion of the decree in which the property was divided was clear, we award appellee attorney fees in the amount of $200 for the preparation and presentation of this appeal in addition to the $1000 awarded in the original decree and confirmed in the judgment herein appealed from. Costs of this appeal are hereby assessed against appellant. Appellant is given thirty days from the filing of this opinion to exercise the option granted in the original opinion. The trial court is directed to enter judgment against appellant in accordance herewith.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.