SYLVIA C. ARNOLD, appellee, v. EUGENE A. ARNOLD, appellant.

No. 51972.

(Reported in 140 N.W.2d 874)

MARCH 8, 1966.

Ross, Johnson, Stuart, Tinley & Peters, of Council Bluffs, for appellant.

Richard C. Turner, of Council Bluffs, for appellee.

RAWLINGS, J.—Appeal by defendant from a supplemental judgment entered in the trial court following issuance of procedendo on prior appeal. Arnold v. Arnold, 257 Iowa 429, 133 N.W.2d 53.

He now contends the supplemental judgment did not comply with the mandate of this court.

The original decree entered September 27, 1963, so far as is here material, provided as follows: That defendant pay $180 each month for support of three children, commencing October

1963, vested title to the home property in plaintiff and ordered defendant to satisfy the first half of taxes for 1962, payable January 1, 1963; gave to plaintiff all household goods and ordered defendant to pay any purchase price balance owing on any of it; gave to plaintiff a 1959 automobile; granted plaintiff judgment against defendant in the sum of $43,000 payable $1000 forthwith, the balance with interest at five percent, payable $332.14 each month, commencing October 1963, with defendant to deposit one third of his capital stock in Arnold Tool & Die Works, Inc. as security; and that defendant pay $4000 forthwith, out of which $3500 be paid to plaintiff's attorney, the balance of $500 to be used first for payment of court costs, any remainder being payable to plaintiff's attorney to defer costs of suit incurred.

On appeal this court affirmed the decree with the following modifications. We also ordered that plaintiff have alimony of $250 each month until her remarriage, or until plaintiff or defendant shall die; that defendant pay the first *and* second half of taxes for 1962 on the home property; allowed an additional total fee of $1000 to plaintiff's attorney for services on appeals; ordered that defendant pay plaintiff, not to exceed $200 investigator's fee and $225 for services of her accountant. No reductions were ordered as to any awards made to plaintiff. Costs were taxed to defendant. On March 13, 1965, procedendo issued.

By supplemental decree entered ex parte May 13, 1965, the trial court found that on April 15, 1965, defendant had paid a total sum of $5420.47 owing, but $2442.51 was still past due. The court then added to this amount interest at five percent from September 27, 1963, until payment date for the following: $3500 district court attorney fees; $225 accountant fees; and $200 investigator fees. This total interest allowed was $303.47. Also the court ordered defendant to pay like interest from the same date on $1000 allowed as part of the property settlement; on $302.40 purchase balance owing on a stereo; and on $145.83 second half taxes. The total interest here allowed to May 13, 1965, was $119.23. This computed interest, added to the sum of $2442.51, made a total of $2865.21, and the trial court entered

854

judgment against defendant accordingly, with interest thereon at five percent until paid.

Finally, the trial court made provision for a writ of attachment to issue on *all* of defendant's stock in Arnold Tool & Die Works, Inc. to be deposited with the clerk of court until compliance with security provisions of the decree.

I. In Iowa-Illinois Gas and Electric Co. v. Gaffney, 256 Iowa 1029, 1040, 129 N.W.2d 832, 838, we said: "It is well settled that the district court after remand has no power or jurisdiction to do anything except to proceed in accordance with the mandate." See also 27A C. J. S., Divorce, section 195(4), page 852, and Nelson on Divorce and Annulment, Second Ed., section 30.13.

It is evident the trial court, in unquestioned good faith but nevertheless erroneously, here failed in some respects to comply with this precept.

II. We shall deal first with the matter of interest allowances made by the trial court in the supplemental decree.

At common law, judgments do not bear interest. 47 C. J. S., Interest, section 21, page 33, and 30 Am. Jur., Rev. Ed., section 24, page 22.

However, section 535.3, Code, 1962, provides in part: "Interest shall be allowed on all money due on judgments and decrees of courts at the rate of five cents on the hundred by the year, * * *."

It is at once apparent this statute makes no distinction between judgments entered in law actions and those entered in equity cases. Furthermore, we find no basis for differentiation. Johnson v. Hazen, 333 Mass. 636, 132 N.E.2d 391, 393, 54 A. L. R.2d 810; 30 Am. Jur., Rev. Ed., Interest, section 24, page 22; and 47 C. J. S., Interest, section 3, page 13.

In fact, past pronouncements by this court affirmatively disclose any lawful monetary award made in the final determination of a divorce action has the essential qualities of a judgment and may be enforced by execution. Whittier v. Whittier, 237 Iowa 655, 661, 662, 23 N.W.2d 435. See also 17 Am. Jur., Rev. Ed., Divorce and Separation, section 778, page 802.

We are satisfied fixed awards of money for child sup-

port, alimony, and property settlement draw interest at five percent per annum from date of judgment, or in case of specified periodic payments from the date each such payment becomes due and owing. Code section 535.3; Whittier v. Whittier, supra; Riemenschneider v. Riemenschneider, 239 Iowa 617, 634, 30 N.W.2d 769; Parker v. Parker, 155 Neb. 325, 51 N.W.2d 753, 756; Gregory v. Gregory, 52 Ill. App.2d 262, 202 N.E.2d 139; Shuff v. Fulte, 344 Ill. App. 157, 100 N.E.2d 502; McKay v. McKay, 13 Utah2d 187, 370 P.2d 358; Howard v. Howard, 142 Cal. App.2d 222, 298 P.2d 48; Bickle v. Bickle, 196 Minn. 392, 265 N.W. 276; Harden v. Harden, 191 Okla. 698, 130 P.2d 311; 47 C. J. S., Interest, section 21, pages 33–35; 27B C. J. S., Divorce, section 377, page 872; 30 Am. Jur., Rev. Ed., Interest, section 24, page 22; and Nelson on Divorce and Annulment, Second Ed., section 14.73. See also annotations, 1 A. L. R.2d 521 and 33 A. L. R.2d 1455. Furthermore this rule applies even though the judgment itself fails to make reference to the matter of interest. Carter v. McHaney, Tex. Civ. App., 373 S.W.2d 82, 86, and McCormack v. McCormack, 220 Miss. 116, 72 So.2d 199.

So, in the case now before us, any specific monetary award granted plaintiff by the trial court in the original adjudication constituted an enforceable judgment.

III. Defendant contends attorney fees allowed in connection with a divorce decree are in the nature of court costs and draw no interest.

In support of this claim he refers to Main v. Main, 168 Iowa 353, 150 N.W. 590. So far as is here material, the court in that case simply held attorney fees in a divorce action *may* be taxed as part of the costs. Otherwise it tends to support plaintiff's position.

He also leans rather heavily upon Wilson v. Wilson, 40 Iowa 230, but in that case we simply held an attorney fee allowed as part of the court costs was not a lien upon a homestead. That question is not now before us.

In the case with which we are here concerned, the fee award for plaintiff's attorney was not taxed by the trial court as part of the costs, but such is really a matter of little or no consequence. Hoyt v. Beach, 104 Iowa 257, 260, 73 N.W. 492, 65

Am. St. Rep. 461, is squarely in point and this court there said: "Money due on a *judgment for costs* is as much money due on a judgment as is money due on a judgment for damages, and this is true whether such costs embrace the fees of witnesses or officers or attorney's fees." (Emphasis supplied.) We are satisfied this is the proper rule.

Actually, the trial court, in awarding fees for plaintiff's attorney, ordered payment be made to the clerk of court with the sum allowed, when received by the clerk, to be then paid to plaintiff's counsel. This was entirely proper and still constituted an award to and for the benefit of plaintiff. 27B C. J. S., Divorce, section 250(2)b, page 47; 20 C. J. S., Costs, section 218(a)(b), pages 455–460; 17 Am. Jur., Divorce and Separation, Rev. Ed., section 632, page 707; and Nelson on Divorce and Annulment, Second Ed., section 29.09.

Defendant does not challenge the amount of attorney fees allowed in the case with which we are here concerned. He only claims such an award can draw no interest.

We are persuaded otherwise and conclude the judgment for attorney fees lawfully allowed by the trial court drew the statutory rate of interest from date of original decree.

IV. Having determined a judgment or decree in a divorce action awarding money in a sum or sums certain or capable of ascertainment from the judgment or decree draws interest until paid, we proceed next to a consideration of the effect an appeal may have upon right to such interest.

At the outset we are satisfied an appeal by the losing party from final adjudication in a divorce action, which results in affirmance of judgment entered by the trial court, does not alter the right of a party benefited by a monetary award to have interest from date of original judgment, absent special circumstances compelling otherwise.

Any holding to the contrary would permit a judgment debtor to delay payment date by appeal, and in the meantime have use of money to which a judgment creditor was lawfully entitled.

However, in the case now before us both parties challenged the original adjudication by cross-appeals. We then approved the decree entered by the trial court and allowed plaintiff an

additional alimony award of $250 each month, with other incidental relief.

The specific question now presented is whether the taking of or participating in an appeal by a judgment creditor in a divorce action which results in affirmance with some additional allowances serves to suspend the right of such judgment creditor to interest on any specific original awards.

 Ordinarily, the matter of suspension of interest pending appeal is governed by the nature of the case and results obtained. And, if appeal by a judgment creditor in a divorce action results in affirmance with additional relief, then interest should be allowed on the original awards from date of judgment. De La Rama v. De La Rama, 241 U. S. 154, 36 S. Ct. 518, 60 L. Ed. 932; Harden v. Harden, 191 Okla. 698, 130 P.2d 311; 47 C. J. S., Interest, section 59, page 68; and annotation, 33 A. L. R.2d 1459. We are committed to this rule, Riemenschneider v. Riemenschneider, 239 Iowa 617, 634, 30 N.W.2d 769, and find no compelling cause to now abandon it. To the extent of any conflict herewith, Roth v. Boies, 146 Iowa 170, 124 N.W. 879, is hereby overruled.

As to interest payable pending appeal by a judgment creditor in proceedings other than divorce, the authorities are apparently in conflict. See State ex rel. Southern Real Estate & Financial Co. v. St. Louis, 234 Mo. App. 209, 115 S.W.2d 513; In re Thomasson's Estate, Mo., 192 S.W.2d 867; Oursler v. Cole, 5 Misc.2d 3, 162 N. Y. S.2d 982; Feldman v. Brodsky, 26 Misc. 2d 327, 204 N. Y. S.2d 667; Pinkstaff v. Pennsylvania Railroad Co., 45 Ill. App.2d 370, 195 N.E.2d 416; Hoover v. Dotson, 202 Pa. Super. 532, 198 A.2d 603; Beeler v. American Trust Co., 28 Cal.2d 435, 170 P.2d 439; and Koolvent Aluminum Awning Co. v. City of Pittsburgh, 192 Pa. Super. 650, 162 A.2d 256.

Be that as it may, we are satisfied that in the case now before us any unpaid specific or certain sums of money awarded plaintiff by the trial court in the original judgment, affirmed on appeal, drew interest as by law provided from date of judgment, or from date any installments became due and owing to date of payment. Such interest is allowed by law, not by judicial fiat.

 V. However, in the case at hand the original decree

858

made no specific allowance of fees for plaintiff's investigator and accountant, or balance due on a stereo. In this respect we are inclined to the view that the law allowing interest upon judgments cannot be so extended as to embrace awards made by implication, or which are uncertain, indefinite and conjectural. Lynch v. Uhlenhopp, 248 Iowa 68, 92, 78 N.W.2d 491; 49 C. J. S., Judgments, section 76, page 198; and 30A Am. Jur., Judgments, Rev. Ed., section 61, page 207. See also annotation, 55 A. L. R.2d 723.

By the original judgment entered in the case now before us, the court provided for a contingent payment of "costs of suit incurred". This type of award can hardly be so construed as to constitute a basis upon which interest could be allowed from date of original adjudication for investigator's and accountant's fees. By the same token, there could be no such interest on an uncertain and speculative purchase money balance due on a stereo.

This does not mean these original awards as made were so uncertain and indefinite as to be void. We are here called upon to determine only whether certain of the awards as made draw interest and if so from what date. Our conclusions are accordingly confined.

Allowance by the trial court, in the supplemental judgment, of interest upon investigator's and accountant's fees, and balance due on a stereo from time of original judgment, was improper.

It is also now apparent there was error on the part of the trial court in providing, by the supplemental judgment, for issuance of a writ of attachment on all of defendant's stock in Arnold Tool & Die Works, Inc., as security for compliance with the provisions of that judgment. By the mandate previously issued we neither ordered nor authorized any such action on the part of the trial court.

VI. Since this case must be remanded, we turn now to the matter of interest to be allowed on the alimony award and accountant's fee as determined by this court on the first appeal.

We are satisfied the specific award for an accountant drew interest as by law prescribed from March 13, 1965, being the date procedendo issued. And, the alimony awarded by us

would draw interest from and after the date each payment became due and owing. Gregory v. Gregory, supra, 52 Ill. App.2d 262, 202 N.E.2d 139; McCormack v. McCormack, supra, 220 Miss. 116, 72 So.2d 199; 5B C. J. S.; Appeal and Error, section 1963, page 543; and 5 Am. Jur.2d, Appeal and Error, section 990, page 417.

However, the investigator's fee, unpaid real-estate taxes for 1962, and balance due on a stereo can draw interest only from date of entry of the supplemental judgment.

■■■ Our allowance as to the investigator's fee was for not more than $200 which, of necessity, required further determination and specific adjudication by the trial court. Real-estate taxes for the second half of 1962, and balance due on the stereo were also subject to determination as to amounts owing, so the same rule would apply. These items could draw interest only from date of the supplemental judgment. 5 Am. Jur.2d, Appeal and Error, section 992, page 419, and Presbyterian Distribution Service v. Chicago Natl. Bk., 36 Ill. App.2d 1, 183 N.E.2d 525, 527.

■■■ VII. Finally, plaintiff asks we allow her such sum as is reasonably proper for attorney fees in connection with this second appeal.

Defendant resists this request contending there is no statutory authority for such an award, and that plaintiff's counsel is here seeking compensation for acting in defense of his own interests.

In making this resistance defendant relies upon Thorn v. Kelley, 257 Iowa 719, 134 N.W.2d 545, and Hensen v. Hensen, 212 Iowa 1226, 238 N.W. 83, but these cases provide him little or no comfort.

Thorn v. Kelley is not here in point. That case was before us on certiorari to review a trial court's taxation against the husband of fees for his wife's attorneys upon dismissal of a divorce action. We there concluded an attorney could not recover from the husband for legal services rendered on behalf of the wife unless such were necessary for protection of the wife; that a court is without authority to make an award against the husband for a wife's attorney fee upon dismissal of her petition

for divorce; and no authority exists in Iowa for an award of attorney fees in certiorari proceedings.

In Hensen v. Hensen, cited above, this court was confronted with a claim for attorney fees in proceedings for modification of a decree of divorce entered six years prior to the request for modification. We there said, and now repeat, what is now section 598.11, Code, 1962, provides no authorization for allowance of fees to an attorney in an action for modification of a divorce decree.

But, in the case before us at this time, we are dealing neither with separate proceedings in certiorari nor an action for modification of a decree.

In fact, there has been no final adjudication in this case, and plaintiff is, of necessity, here to defend her rights only by reason of defendant's second appeal.

In Andreesen v. Andreesen, 252 Iowa 1152, 1160, 110 N.W. 2d 275, we said: "There is little doubt that in a proper case we may allow a wife attorney fees for services upon appeal from a divorce decree, especially where the husband appeals, even though she is not entirely successful in the ultimate decision. If this were not the rule the wife's rights might not be adequately protected."

Then, in Renze v. Renze, 247 Iowa 25, 31, 72 N.W.2d 490, we approved a rule to the effect an attorney fee allowance may be made anytime up to and including the affirmance by an appellate court of the decree below. See also 17 Am. Jur., Divorce and Separation, Rev. Ed., section 644, page 717.

If attorney fees can be allowed on one appeal, we know of no rule which precludes a similar allowance on subsequent appeals of the same case. See Cimijotti v. Cimijotti, 256 Iowa 883, 129 N.W.2d 679, 680.

As aforesaid, this case has never been finally adjudicated. If it had been, no additional attorney fees could be allowed. However, under the circumstances here existing, it is evident plaintiff is entitled to the award requested in such sum as is reasonable and proper.

We now allow plaintiff $250 for services of her attorney on this second appeal.

VIII. Under all existing circumstances, this case must be remanded, and the costs on this appeal should be apportioned.

Affirmed in part, modified in part, and remanded for entry of judgment consistent with our prior mandate, not inconsistent herewith. Costs on this appeal are taxed one third to plaintiff, two thirds to defendant.

All JUSTICES concur.