**D.L. HOWARD, now Furman, Appellant,**

v.

**B.W. HOWARD, Appellee.**

**No. 77774.**

Court of Appeals of Oklahoma,
Division No. 3.

Dec. 1, 1992.

Howard F. Israel, Oklahoma City, for appellant.

## OPINION

HUNTER, Judge:

Appellant, D.L. Howard, applied for and received on January 29, 1987, an Order of Income Assignment against Appellee, B.W. Howard, for child support arrearage. The arrearage exceeded $7,000.00 at that time. In January, 1991, Appellee filed a Motion to Modify claiming the child support arrearage had been paid in full and requested credit for overpayment. Appellant responded by claiming that the Appellee had failed to calculate statutory interest provided by 43 O.S.1991, § 114. The trial court held that the interest was discretionary

with the court and if awarded would begin to accrue when ordered by the court. The court did not require any interest on the debt in this case.

Appellant contends that 43 O.S.1991, § 114, which provides for interest on child support payments at the rate of ten percent (10%) per year is mandatory and should accrue from the date of delinquency. Section 114 of Title 43 of the Oklahoma Statutes provides as follows:

> When ordered by the court, court-ordered child support payments and court-ordered payments of suit moneys shall draw interest at the rate of ten percent (10%) per year from the date they become delinquent, and the interest shall be collected in the same manner as the payments upon which the interest accrues.

An action to recover accrued, court-ordered child support is an action for a debt created by law and evidenced of record. *Turk v. Coryell*, 419 P.2d 555, 558 (Okl.1966). This statute clearly requires interest to accrue from the date of delinquency on court-ordered child support payments. The issue of discretion arises from the statutory language: "When ordered by the court,...." The trial court read the statute to allow interest accumulation only if "ordered by the court". Appellant believes that interest accumulation is mandatory because the Legislative title to the statute reads: "An Act relating to civil procedure; requiring that delinquent child support payments and suit money draw specified interest; and directing codification."

In the case of *Harden v. Harden*, 191 Okl. 698, 130 P.2d 311 (1942), the Supreme Court held that in Oklahoma alimony payments which are decreed are a debt like any judgment for money and that past due installments draw interest at the statutory rate even without any specific provision for interest. Title 12 O.S.1991, § 727 provides that all judgments of courts of record shall bear interest at prescribed rates.[1] We find that child support pay-

---

**1.** Unpaid child support payments due after October, 1987, automatically become judgments upon delinquency under 43 O.S.1991, § 137.

ments being court ordered debts, accumulate interest at the rate of ten percent (10%) per year from the date of delinquency. We do not believe that Section 114 was enacted for the purpose of making interest accumulation discretionary with the trial court, but rather to prescribe the rate and to define when accumulation begins. This construction is consistent with the legal nature of support payments.

We find that the term "When ordered by the court, ..." refers to the child support and suit money. These are matters within the trial court's discretion. Once child support payments are shown to be due and unpaid, and an income assignment is in force, the trial court has no discretion in the matter of interest on the debt.

We note that Appellee filed no answer brief on appeal. Where no answer brief is filed and the omission is unexcused, we are not obligated to search the record for some theory to affirm the judgment and will ordinarily reverse the appealed judgment if the appellant's brief is reasonably supportive of the allegations of error. *Matter of Mullins*, 606 P.2d 573 (Okl.1980). We find that Appellant's position is supported by the law. Because the trial court did not allow interest to be collected on the arrearage, the judgment is reversed and this matter is remanded to the trial court with directions to credit Appellant with interest according to Section 114.

REVERSED AND REMANDED WITH DIRECTIONS.

BAILEY, P.J., and HANSEN, V.C.J. concur.